MARY DeCHARMS GARRISON, by Next Friend, *vs.*
SAMUEL E. HILL and Others.

*Caveat to Wills—Within what Time to be Filed—Constitutional Law—
Retroactive Statute—Vested Right—Persons under Disability—Title
of Statute.*

The Act of 1894, ch. 405, provides that no will shall be subject to caveat,
or other objection to its validity, after the expiration of three years from
its probate.    Previous to this Act there was no limitation as to the
time within which a caveat could be filed.    *Held,* that since the Legis-
lature could not rightfully give to this law a retroactive effect, it
would be construed as prospective in its operation, and that under it
proceedings against wills probated before the Act was passed must be
commenced within three years from the date of the passage of the
Act, and proceeding against wills thereafter probated must be com-
menced within three years from the date of the probate.

A retroactive effect could not be given to this Act, because if a will
probated more than three years before its passage was really invalid,
the heirs at law of the testator had a vested right in his property, and
as the law then stood had a right to recover it.    This vested right
could not be taken away by a statute which took away at once all
remedy.

The above Act cannot be said to be unconstitutional merely because
there was no saving clause in favor of those under disability, such as
coverture, infancy, etc.    It is discretionary with the Legislature
whether or not such persons shall be exempted from the operation
of a Statute of Limitations, and unless the statute does exempt them
they are governed by the same law that others are.

Where the title of an Act is to add an additional section to a certain
Article of the Code, it is sufficient compliance with the Constitution,
Art. 3, sec. 29, which provides that the subject of every law shall be
described in its title.

Appeal from the following order of the Orphans' Court
of Baltimore City: "It appearing to the Court, from the
petition and answer in this case, that probate of the will pro-
posed to be caveated was made by the Court on the 6th
day of February, 1889, more than three years before the
passage of the Act of 1894, chapter 405 ; and the Court

being of opinion that said Act is retroactive in its effect, and that accordingly the said petition has been filed too late, it is hereupon, this 26th day of March, 1895, by the Orphans' Court of Baltimore City, adjudged and ordered, that the said petition be and the same is hereby dismissed with costs."

The cause was argued before BRYAN, MCSHERRY, FOWLER, PAGE, ROBERTS and BOYD, JJ.

*John Prentiss Poe, Attorney-General,* and *Hyland P. Stewart,* for the appellant.

*Bernard Carter* and *William A. Fisher* (with whom was *Thos. Ireland Elliott* on the brief), for the appellees.

It must be conceded that the rule adopted by this Court is to construe legislative enactments so as to give to them a prospective operation, unless the language imports with sufficient clearness the intent to include also a retrospective operation. But when the intention appears, it must be gratified, and the validity of the law must be determined upon this understanding of its object. *Williar* v. *Balto. Butchers' Association,* 45 Md. 555–6.

The language of the Act in question seems to import clearly a retrospective operation. "No will, &c., shall be subject to caveat, &c.,   *   *   after the expiration of three years from its probate." *Hepburn* v. *Griswold,* 8 Wallace, 607. And it is to be noted that the thing which is forbidden, unless done within a certain time, is the caveating of the will. When, therefore, the law declared that *no* will shall be subject to a caveat after three years from its *probate,* the language is not only broad enough to cover *all* wills, both those probated before as well as those probated after the passage of the Act of 1894, chapter 405, but the meaning and scope of the language cannot be gratified unless it is construed to include both classes of wills. If the intention had been to make the law applicable only to wills probated after the passage of this Act, and therefore only to one class of wills, certainly this would have been expressed,

and the language, instead of being "*No* wills, &c.," would have been, "No will *hereafter probated.*"

The Legislature had the power to pass the Act. In England, where the Parliament is supreme, and not restrained by a fixed and written constitution, the Legislature may pass retrospective laws, although they may operate upon contracts. *Moon* v. *Donden*, 2 Exch. (Wels. H. & G.) 27. In this State retrospective laws are not to be condemned unless they violate our own bill of rights, as *ex post facto* laws, or the provisions of the Constitution of the United States against the passing of laws to impair the obligation of contracts or divest some vested right. *Baugher* v. *Nelson,* 9 Gill, 305 ; *Williar* v. *Balto. Butchers' Asn.*, 45 Md. 557.

In this case no contract is impaired, and there is no destruction of any right vested in the caveator. The filing of a caveat to a will was of no force at common law. It was merely cautionary to the Court, and there was no ground of complaint if it was disregarded. *Godolphin on Wills*, 258 ; 3 *Redfield on Wills*, 119 ; *Hitching* v. *Glover*, 1 Rolle, 191.. Its force is derived from the statute in Maryland. 1 Hill, 329–330 ; 45 Md. 559 ; *State* v. *Norwood*, 12 Md. 205–6 ; *Williams v. Johnson*, 30 Md. 503.

No injustice is done to the caveator by this construction. The will in question was admitted to probate in February, 1889, and that of Miss Emma Johnson, under whom the caveator claims, in April, 1891 ; so that the caveator had *three years*, before the passage of the Act of 1894, chapter 405, within which to assert her claims, if there had been any foundation for them. The power of filing caveats without any limitation as to the time of doing so has been a great abuse. Caveators have failed to avail themselves of the right under the statute promptly when evidence on behalf of the will was yet accessible, and have waited until long after the death of the testators. Such delays would be unfair to the parties in possession of property under the fancied security of ownership in any case. But upon the trial of

issues under a caveat, the doors have been opened so widely for the introduction of testimony, as to declarations and conduct of testators, that the opportunity for the production of false testimony, owing to impossibility of meeting it in many instances, is greater than in any litigations in the Courts.

There can certainly be nothing in the nature of a vested right to lie by, as this caveator has done, until years after the settlement of the estate, and until changes may have occurred from the efflux of time very disadvantageous to those deriving title under the wills. " There can be no vested right to do wrong." The Legislature possesses unlimited authority over the whole subject of the transmission of the property of a decedent.

BOYD, J., delivered the opinion of the Court.

The appellant filed on the 12th day of May, 1894, a caveat to the will of Maria M. Johnson, which had been admitted to probate on the 6th day of February, 1889. The Orphans' Court of Baltimore City dismissed it on the ground that chap. 405 of the Laws of 1894 was retroactive in its effect, and hence the caveat was filed too late. That Act is entitled, "An Act to add an additional section to Article 93 of the Code of Public General Laws of Maryland, to come in after section 326, and to be known as section 326 A." It provides that " no will, testament, codicil or other testamentary paper, shall be subject to caveat or other objections to its validity after the expiration of three years from its probate," and by section 2 it is made to take effect from the date of its passage.

It is contended by the appellant that the Act is unconstitutional, because (*a*) it is contrary to Art. 3 of section 29 of the Constitution of Maryland; (*b*) there is no saving clause to those under disability to sue, and (*c*) it is contrary to the Fourteenth Amendment to the Constitution of the United States.

It was conceded in argument that if the title had read,

An Act to add an addititional section to Article 93 of the Code of Public General Laws of Maryland, title, ''Testamentary Laws," it would have been sufficient under the decisions in *State* v. *Norris*, 70 Md. 94; *Lankford* v. *County Commissioners*, 73 Md. 118, and other cases that might be cited. But the case of the *Second German American Building Association* v. *Newman*, 50 Md. 62, is directly in point, and is decisive of the first objection urged against this law.    In that case the title was "An Act to amend Art. 95 of the Code of Public General Laws by adding an additional section thereto," and it was held to be a compliance with the constitutional provision requiring the subject of an Act of Assembly to be described in its title.    There is no substantial difference between the title to that Act and the one now under consideration.    This clause of the Constitution has been before us so frequently that we do not deem it necessary to do more than refer to the above cases without further comment on that question.

So far as the omission to insert a saving clause in favor of those under disability to sue is concerned, it might be said the appellant is not in a position to complain.    She is now in this Court by her next friend, and could have so proceeded at any time since the will of Mrs. Johnson was probated.    But the law cannot be said to be unconstitutional merely because it fails to extend the time in favor of those under disability, such as coverture, infancy, etc.    It is discretionary with the Legislature whether or not they shall be exempted from the operation of the Statute of Limitations, and unless that statute does so exempt them they are governed by the same law that others are.    *Vance* v. *Vance*, 108 U. S. 514; *Weaver* v. *Leiman*, 52 Md. 718.

Having disposed of the technical objections urged against this law, it remains for us to determine whether it is a bar to this proceeding.    The statute is a very important one. Great injustice was possible to be done to devisees and legatees, as well as to testators themselves, by permitting caveats to be filed at any time, however long after the probate of

wills. Designing parties could wait until the death of those familiar with the circumstances under which a will was executed before proceeding against it, and other dangers suggest themselves under the former practice in this State. The Legislature has, therefore, wisely undertaken to limit the time within which wills can be attacked.

The caveat filed by the appellant charges, amongst other things, that the alleged will of Maria M. Johnson was not, in fact, her will, but that she died intestate, and that it was not executed when she was of sound mind, capable of executing a valid deed or contract. It also alleges that appellant is the only heir at law and next of kin of Maria M. Johnson. If those allegations be true, then any real estate that Mrs. Johnson owned at her death became at once vested in the appellant, and she, as next of kin, was entitled to have the personalty, after the payment of debts, etc., distributed to her. Section 309 of Art. 93 of the Code provides, that no will shall be good and effectual for any purpose whatever, unless the person making the same be at the time of its execution of sound and disposing mind, and capable of executing a valid deed or contract. Prior to the Act of 1894, it was the established law of this State that no lapse of time would exclude the inquiry whether a certain paper constituted the will of a party or not. *Emmert* v. *Stouffer*, 64 Md. 559; *Clagett* v. *Hawkins*, 11 Md. 387. The appellant, therefore, had a vested right in the property left by Mrs. Johnson, provided, of course, she can establish the facts alleged in her petition, and as the law stood she had the right to take steps to recover it. The Legislature had no power to take from her this vested right. It cannot be done on the theory that the law in question only affects the remedy, for, as was said in *Baugher* v. *Nelson*, 9 Gill, 299, an Act which divests a right through the instrumentality of the remedy, and under the pretence of regulating it, is as objectionable as if aimed at the right itself. The will of Mrs. Johnson was admitted to probate more than five years before the Act was passed. If, therefore, it be retroactive and valid against this

will, all remedy is gone. It declares that no will shall be subject to caveat, or *other objection to its validity*, after the expiration of three years from its probate, and that it shall take effect from the date of its passage. A literal interpretation of the language used would seem to make the statute applicable to any proceeding, affecting the validity of any will, instituted after three years from the probate, even though the probate was more than three years before the passage of the Act. But such a construction implies that the Legislature intended to affect vested rights. Courts should so construe statutes as to uphold them, when possible to do so. The Legislature can unquestionably limit existing claims, provided a reasonable time is allowed after the passage of the Act for parties interested to institute proceedings, but it cannot bar a past right of action without providing a reasonable time within which suit can be brought. There is no difficulty in applying this statute to wills probated after the passage of the Act, nor would there be any legal objection to making it applicable to wills probated within such time before the Act was passed, as would still give those interested a reasonable time within which to commence proceedings, but, as it cannot be made retroactive so as to affect those that have been already probated three years or more, we think it fair to the Legislature to say that the intention was to give the law a prospective operation. Taking all the circumstances into consideration, it is apparent that the Legislature intended to apply this law to all wills, but did not intend to make it retroactive in its operation. We therefore think that the limitation fixed by the statute should commence to run when the proceeding to affect the validity of a will is first subjected to the operation of the statute, which in this case is the date of the passage of the Act. Although it may be said that this permits this caveat to be filed more than three years after the probate of the will, still it is within three years from the time the statute can lawfully affect it or apply to it. This construction was adopted in *Sohn* v. *Waterson*, 17 Wall. 596. In that case

a suit was brought in Kansas on a judgment rendered in the State of Ohio more than four years before a statute was passed in Kansas, which provided "that all actions founded on any * * * judgment * * * rendered, etc., beyond the limits of this territory, shall be commenced *within two years next after the cause or right of action shall have accrued and not after.*"    Although, strictly speaking, the right of action had accrued *six years* before the suit was brought in Kansas, the Supreme Court of the United States held that it would be presumed that the Legislature did not intend to make the law retroactive so as to bar suits or causes of action which had been due more than two years, and hence they determined that the limitation only commenced to run when the cause of action was first subjected to the operation of the statute—the time of its passage. The case of *Frey* v. *Kirk*, 4 Gill and Johnson, 509, decided by the former Court of Appeals of this State, is to the same effect.    The Act of 1715, chap. 23, gave to persons beyond the seas when the causes of action accrued, the privilege of suing within the respective times prescribed by a former section of the statute after their return.    The Act of 1818, chap. 216, repealed the exceptions or savings of such persons without any qualification, excepting that it was not to affect suits or actions then depending in any Court of Law or Equity in this State.    The Court held that persons beyond the seas had the same time to bring their actions as they would have had had they resided in this State, and their rights had accrued on the day of the passage of the law.    A literal interpretation of the statute, as it stood after the Act of 1818 was passed, barred the plaintiff's claim unless suit was brought within three years from the time it became due, but the Court construed the statute to give him three years from its passage.

Those cases are undoubtedly founded on correct principles.    By following the construction adopted by them, we are enabled to avoid any interference with vested rights, and at the same time give force to the statute and make it

applicable to *all* wills, whether probated before or after the passage of the Act, as was evidently the intention of the Legislature. Proceedings against those probated before the statute was passed must be commenced, if at all, within three years from that date, and against those probated after the passage of the Act, within three years from their probate.

It follows from what we have said that there was error in the order of the Orphans' Court of Baltimore City. It must therefore be reversed and the cause remanded for further proceedings.

> *Order reversed and cause remanded,*
> *with costs in this Court. The costs*
> *below to abide the final result of*
> *the case.*

(Decided June 20th, 1895.)