## SUPERIOR COURT OF BALTIMORE CITY.

Filed July 1, 1898.

Argued before Judges Stockbridge and Dobler.

### E. D. LOANE, JR., CO.
### VS.
### SAMUEL AFFELDER.

*Daniel L. Brinton* for petitioner.

*Robert H. Carr, Jr.*, for respondent.

STOCKBRIDGE, J.—

There is but a single issue in this case—the validity or invalidity of Chapter 167 of the Acts of Assembly of 1898. The title of this Act is "An Act to Repeal and Re-enact with Amendments Section 6 of Article 52 of

the Code of Public General Laws, title 'Baltimore City,' sub-title 'Justice of the Peace'," and upon the part of the defendant it is contended that the title of this Act is in controvention of Section 29 of Article 3 of the Constitution, and that the Act is therefore invalid and void.

So far as this Article and Section of the Public General Laws to be amended by this repeal and re-enacted is concerned, the enacting Section of the Chapter is in identical terms with the title. But when the Section of the Code, as it is proposed to be amended, is read, there is nothing whatever in it which makes it relate solely to Baltimore, or which restricts in any way its application from extending over the entire State. The title of Article 52 of the Public General Laws is not "Baltimore City"; neither is there a sub-title to Article 52 of "Justice of the Peace."

The question then which is presented is what was the intention of the Legislature? If it was to enact a law applicable only to Baltimore City, the enactment could not be in the nature of an amendment to the General Laws; and, on the other hand, if it was the purpose of the Legislature to enact a law applicable throughout the State, what was the occasion for the use of the words, "Title Baltimore City."

"The objects designed to be attained by the constitutional provision are two fold; the first is to prevent the combination in one act of several distinct and incongruous subjects, and the second is that the Legislature and the people of the State may be fairly advised of the real nature of pending legislation."

State vs. Norris, 70 Md. 94.

Now it is manifest that the present act however faulty its title may be, does not impinge upon the object sought to be attained by the constitutional restriction. The act itself does not contain any legislation upon more than a single subject, and what it does contain is embraced in one short section, and by no stretch of the imagination can that section be said to deal with incongruous matters.

As to the second proposition, the answer may perhaps not be quite as apparent. If the object of the title of an act is to apprise the legislators and the public as the subject matter of pending legislation, it may be fairly

questioned whether from such a title as that placed at the head of Chapter 167, either the members of the Legislature or the public would get a very definite idea of what was involved in the act itself. They would upon the one hand be apprised that it was an amendment to Article 52 of the Public General Laws, and they would be further told that that title was "Baltimore City." And this apparent contradiction in the terms of the title should put every legislator and the public as well upon inquiry as to the real scope and effect of the act.

Since the Constitution of 1851, the particular section of the Constitution invoked here as against this act has been passed upon by the Court of Appeals in some twenty-eight cases, and in that number the acts called in question have been sustained in twenty-three, while in five the acts have been declared void, either in whole or in part. When now we examine the cases in which the acts have been held void by the Court of Appeals as obnoxious to this constitutional provision, we find that in two of them the body of the act embraced a repeal and re-enactment of some prior law, while the fact of re-enactment was entirely omitted from the title, and the natural, proper, logical inference to be drawn from the title by legislators and people alike, was that of an absolute repeal of the particular act. In three of the cases portions of the act only were set aside and portions held valid, and the portions to set aside were void because they embraced separate and distinct subject matters not set forth in the title.

In the case of Whitman against the State, 80 Md. 410, the Act itself by its title provided for the regulation of the liquor traffic in a certain locality, while the body of the Act contained provisions which might naturally be expected to result in the total abolition of the liquor traffic, and inasmuch as the Courts have long since recognized the difference between the right of regulation and the right to prohibit, such an Act, the title of which conveyed the idea of regulation, was held not to be described by that title, when the body of the Act looked towards the total abolition of the traffic.

As to what is or is not a sufficient title for an Act is a point upon which there is some difference of opinion in

different States, but so far as Maryland is concerned there can be no question but what if the Act now in question had read merely "An Act to repeal and re-enact with amendments Section 6 of Article 52 of the Code of Public General Laws," the title would have been ample and complete.

See, Second German-American Building Association vs. Newman, 50 Md. 62; Garrison vs. Hill, 81 Md. 551.

That being the case what then is the effect of the addition of those words "Title, Baltimore City," sub-title "Justice of the Peace."

This question seems to have been fully and completely answered by our Court of Appeals in the case of Strauss vs. Heiss, 48 Md. 296. In that case the Court had under consideration the General Incorporation Act of 1868. By the title of that act which established a general incorporation law for the state there were repealed quite a number of Sections of Article 16 of the Code of 1860, which related to the subject of "Chancery," and the question then before the Court was the validity of the incorporation Act of 1868, by reason of this error or mis-description embodied in the title of the Act, and the Court there say:

"The mere fact that part of the title of an Act refers to a subject matter foreign to and inconsistent with other parts of the title and which finds no corresponding provision in the body of the law would not in itself render the act invalid. In such a case so much of the title as was repugnant to and inconsistent with the act would be rejected as mere surplusage."

Applying the law as thus laid down by the Court of Appeals, and rejecting as mere surplusage the words "Title Baltimore City, Sub Title, Justice of the Peace," we have an act perfectly valid under the construction given almost uniformly by our Court of Appeals, and at the same time a perfect agreement between the title and the body of the Act.

In concluding this opinion we do not feel that we can do better than to cite and adopt as the law applicable to this case the language of Chief Justice Alvey in the case of the State vs. Norris, 70 Md. 94:

"It certainly requires a very liberal construction of the constitutional provision to maintain the efficiency of this title. The objects designed to be attained by the constitutional provision are two-fold; the first is to prevent the combination in one act of several distinct and incongruous subjects; and the second is, that the Legislature and the people of the State may be fairly advised of the real nature of pending legislation. All titles of Acts, therefore, should be so framed as to accomplish these objects, but we regret to say that in practice a strict observance of the terms of the Constitution has not always marked our legislation in this respect. Many Acts are passed, and often of great importance, the titles of which are exceedingly deficient in definite and clear description of the subject-matter of the Act, but this Court has ever been reluctant to defeat the will of the Legislature by declaring such legislation void, if by any construction it could possibly be maintained. The title of the Act in this case would not seem to be less clear and certain in the description of the subject of the Act than the titles to the Acts involved in the cases of the Commissioners of Dorchester County vs. Meekins, 50 Md. 28, and the Commissioners of Talbot County vs. The Commissioners of Queen Anne's County, 50 Md. 245. In those cases the titles of the Acts were held by a majority to be sufficient to gratify the constitutional requirements, and upon the same principle and reasoning, we think the title to the Act here involved, must be held to be sufficient."

The prayer of the petitioner will, therefore, be granted, and that of the defendant refused, and a mandamus issue as prayed.