(Decided December 20th, 1898.)

---

## CATHERINE A. MEYER vs. WILLIAM G. HENDERSON et al.

*Caveat to Wills—Preliminary Issue of Relationship of Caveator to Testator to be First Tried—Verdict upon Issues Improperly Granted—Appeal by Legatee from Order Revoking Probate of Will—Time of Filing Caveat—Addition of New Issue after Time Limited—Jurisdiction of Orphans' Court.*

When there is a subsisting order of the Orphans' Court directing an issue to be tried at law concerning the relationship to the testator of a party who has filed a caveat to a will, it is error to direct other issues to be tried until the right of the petitioner to maintain the suit is established. And if there be a verdict against the will upon such new issue the probate should not be thereupon revoked.

The verdict of the jury upon issues under a caveat is generally conclusive as to the facts found by the verdict, but when the verdict is rendered upon an issue which the Orphans' Court should not have granted because an outstanding issue of the relationship of the caveator to the testator had not been

decided, then the Orphans' Court is not bound by the verdict, and no judgment revoking the probate should be entered thereon.

A legatee under a will, although not a party of record to a caveat, is a party aggrieved by an order of the Orphans' Court improperly revoking probate of the will, and may appeal from such order under Code, Art. 5, sec. 58, providing that any party aggrieved by an order of the Orphans' Court may appeal therefrom.

Under the Act of 1894, ch. 405, no will is subject to caveat or other objection to its validity after the expiration of three years from its probate, or, in the case of wills probated before the passage of the Act after the expiration of three years from such passage. *Held*, that a caveat raising a distinctly new ground of objection to a will cannot be filed more than three years after the probate, even with the consent of the parties, although a caveat stating other and different objections may have been previously filed in due time and remain undisposed of.

A will was probated in January, 1893, and under the Act of 1894, ch. 405, no caveat thereto could be filed after April 6th, 1897. A caveat was filed in 1895 asking for issues relating to testamentary capacity, fraud and undue influence. In May, 1898, counsel agreed upon new issues, one of which involved the question whether the attesting witnesses had signed the will in the presence of the testator, and upon this issue the verdict of the jury was against the will. *Held*, that this new ground of objection could not be raised after the expiration of the time limited for filing a caveat, and that the probate of the will should not be revoked upon such verdict.

Consent of the parties cannot confer jurisdiction upon a Court.

Appeal from an order of the Orphans' Court of Baltimore City, setting aside the last will of F. C. Meyer and revoking the probate thereof.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS, BOYD and PEARCE, JJ.

*J. Southgate Lemmon* and *William L. Marbury*, for the appellant.

*Thos. R. Clendinen,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

On the 17th of January, 1893, the will of Frederick C. Meyer was admitted to probate without contest by the Orphans' Court of Baltimore City. At that time the three subscribing witnesses thereto made affidavit that they saw the testator sign the will and that they subscribed their names as witnesses in his presence. Letters of administration *c. t. a.* were granted to Messrs. Meyer, Weeks and Hughes.

On November 30, 1895, the appellee, Henderson, filed a caveat to the will alleging that he was the son of a deceased sister of the testator, and charging that " at the time of the making of the paper writing said Meyer was not of sound and disposing mind, memory and understanding, and was not capable of executing a valid deed or contract; that he was not aware of the contents and effect of said paper writing and did not execute it as and for his last will and testament; that he was induced to execute it by undue influence exercised upon and against him; that said paper writing was procured by fraud and is not in fact the last will and testament of Frederick C. Meyer." The petition also contained averments as to the parties interested in the estate and prayed for citations against them.

The surviving administrators *c. t. a.,* Messrs. Weeks and Hughes, answered the petition and denied the allegations of undue influence, want of mental capacity, and that the testator " was not aware of the contents and effect of said paper writing and did not execute the same as and for his last will and testament, but on the contrary they aver that . . . Meyer . . . was aware of the contents and effect of the paper writing and did execute the same as and for his last will." They also denied that Henderson was entitled under the circumstances to any part of the estate of Meyer. The appel-

lant, Catherine Meyer, filed an answer relying upon that of the administrators.    Subsequently Henderson proposed issues embodying the allegations of his caveat and on June 24, 1897, he filed a petition proposing the following as a preliminary issue: " What relation if any was the late Frederick C. Meyer to Wm. G. Henderson, the caveator in this case? "    On July 14, 1897, the Orphans' Court directed issues pertaining to the relationship of Henderson and other parties to the testator Meyer to be sent to the Court of Common Pleas for trial.    Subsequently, on May 7, 1898, an agreement was filed in the Orphans' Court, signed by the solicitors for Henderson and Hughes and others, which provided that " the following issues shall be framed by the Orphans' Court, in the case of *William G. Henderson* v. *Adrian Hughes and Thomas C. Weeks, trustees, etc.*, and shall be by it sent to and filed in the Court of Common Pleas of Baltimore City, in the suit now pending in addition to the issues now in the case:

" *a.* Did the late Frederick C. Meyer execute the paper writing, dated the 10th day of September, 1888, as and for his last will and testament, in accordance with the forms and requirements of the law of the State of Maryland?

" *b.* Was the late Frederick C. Meyer on the 10th day of September, 1888, aware of the contents and effect of the paper writing of that date alleged and purporting to be his last will and testament?

" *c.* Was the late Frederick C. Meyer on the 10th day of September, 1888, of sound and disposing mind, memory and understanding, and capable of executing a valid deed or contract?

" *d.* Was the late Frederick C. Meyer induced to execute the paper writing, dated the 10th day of September, 1888, alleged and purporting to be his last will and testament, by fraud?

" *e.* Was the late Frederick C. Meyer induced to execute the paper writing, dated the 10th day of September, 1888, alleged and purporting to be his last will and testament, by undue influence? "

The Orphans' Court, without the knowledge or consent of the appellant, passed an order on May 9th, 1898, directing that the issues so agreed upon "be added to those heretofore sent by this Court to the Court of Common Pleas for trial upon the caveat of William G. Henderson in the first entitled cause, to be tried by a jury in the said Court, with the original issues and parties, but separately from either of the other causes or issues and in no way connected with or dependent upon either of them."

Now it appears from the record of the trial of these issues returned by the Court of Common Pleas to the Orphans' Court, that "trial was had upon issue *A*, and the jury rendered a verdict in favor of the plaintiff, and in answer to this issue say, no." And it also appears that this verdict was so rendered because the evidence adduced before the jury was to the effect that two of the witnesses to the will did not sign their names in the presence of the testator. And upon the receipt of the record of the trial, the Orphans' Court on May 27, 1898, passed an order revoking probate of the will of F. C. Meyer, and declaring the same to be null.

From that order, Catherine A. Meyer, a legatee under the will, has appealed.

It appears then that while there was a subsisting order of the Orphans' Court directing an issue to be tried at law concerning the relationship of Henderson, the caveator to the testator and which involved his right to file any caveat at all, new issues concerning other matters were granted and that upon the trial of one of them, the verdict was against the formal execution of the will and the probate thereof was revoked.

This was clearly erroneous in view of the decisions of this Court in *Reilly et al.* v. *Dougherty,* 60 Md. 278, and in *Richardson* v. *Smith,* 80 Md. 97, where it is held that no issues respecting the validity of a will should be transmitted for trial until the right of the petitioner to maintain the suit is established and that if this right is denied and an issue asked for concerning it, such issue is a preliminary one to be first tried. So it is quite

clear, we think, that it was error to revoke the probate of the will, in this case, upon the return of the verdict on an issue which could not have been tried while the issue as to the relationship of the caveator remained undisposed of. *Munnikhuysen* v. *Magraw,* 57 Md. 191; *Brewer and McColgan* v. *Barrett,* 58 Md. 587.

The objection of the appellee that " when the certificate was sent from the Court of Common Pleas to the Orphans' Court, the latter had nó discretion or choice, but was bound to follow and make effective the finding of the jury," is fully met and covered by the case of *Munnikhuysen* v. *Magraw, supra.*

While it is true that ordinarily the verdict of the jury ‛is conclusive upon the particular facts found by them; yet when the verdict has been rendered as in this case upon an issue which should not have been granted, the judgment revoking probate of the will entered thereon is itself invalid. The Orphans' Court, as was held in *Munnikhuysen* v. *Magraw, supra,* would not be bound to regard the verdict, but could at once dismiss the petition notwithstanding the verdict, and if judgment had been entered on the verdict, it would be within the power of the Court upon proper application to strike out such judgment.

It is also said that the appellant is not a party to the proceedings and cannot appeal from the order of the Court below. While the appellant was not a party of record, yet she is the one most interested in sustaining the validity of the will, and is consequently the party aggrieved by the order of the Orphans' Court improperly revoking the probate.

By the Code, Art. 5, sec. 58, it is provided that from all decrees, orders, decisions and judgments made by the Orphans' Court, the party who may deem himself aggrieved by such decree, order, decision or judgment, may appeal to the Court of Appeals. In *Stevenson* v. *Schriver;* 9 G. & J. 335, it was said: " The term party, in this section of the Ac⁺, is not used in a technical sense, necessarily importing a litigant before the Court in the proceedings in which the decree or order passed

at the time of or antecedently to its passage; but may also mean one in whose interest the decree or order has a direct tendency to operate injuriously and who after its passage may appear in Court and claim the privilege of appeal." *Cecil* v. *Cecil*, 19 Md. 72; *Dorsey* v. *Warfield*, 7 Md. 65.

The motion to dismiss the appeal will be overruled, and for the reasons we have given the order of the Orphans' Court of Baltimore City, dated the 27th of May, 1898, will be reversed and cause remanded.

> *Order reversed and cause remanded,*
> *with costs to the appellant.*

(Decided December 20th, 1898.)

-----

Subsequently a motion for a re-argument was made and in disposing of it,

BRISCOE, J., delivered the opinion of the Court.

Since the filing of the opinion on the 20th of December, 1898, a motion has been submitted on behalf of the appellees for a re-argument of this case. The reason for the motion is stated to be, because " the decision was based upon an assumed fact, namely, that the issue as to the due execution of the will in question was passed upon before the preliminary issue of relationship of the appellee, Henderson, to the testator was decided."

And it is attempted to be shown by affidavits and other evidence submitted to this Court for the first time and omitted from the original record that the issue of relationship of the appellee to the testator was waived or conceded by the counsel for the appellants in the Court below.

Now we need scarcely repeat at this late date what has been so often said, that this Court is confined to the statement of facts as contained in the record and we take the record as it is presented to us. It not only appeared from the original record as sent to this Court that the issue of the relationship of the appellee re-

mained undisposed of at the trial below, but the point was distinctly made by the appellant's counsel in this Court, "that no order save that of dismissal, should have been passed upon Henderson's caveat until Henderson's right to file it had been affirmatively shown. His right to intervene in the estate depended upon his relationship to the deceased."

But even if the contention of the appellees be conceded, there is another reason why the conclusion heretofore announced by us should not be disturbed.

The Act of 1894, chapter 405, provides that no will, testament, codicil or other testamentary paper shall be subject to caveat or other objection to its validity after the expiration of three years from its probate. This Act took effect on April 6, 1894. In *Garrison* v. *Hill*, 81 Md. 551, it was held that proceedings against wills probated before the Act was passed must be commenced within three years from the date of the passage of the Act, and proceedings against wills thereafter probated must be commenced within three years from the date of the probate. In the present case the will of Meyer was probated on January 17, 1893, and it was therefore necessary under this statute, so construed, that a caveat should be filed before April 6, 1897. The first caveat to the will was filed in November, 1895, but the issues made by it related only to testamentary capacity, fraud and undue influence, and whether Meyer executed the will with knowledge and intent. It was not until May, 1898, more than a year after the time limited for filing a caveat, that the counsel agreed upon new issues embracing the one now in controversy. This issue, upon which the verdict of the jury was rendered and the probate of the will revoked, raised the new question whether the attesting witnesses had signed the will in the presence of the testator. This is distinctly a different issue from any of those set forth in Henderson's first caveat.

A caveat raising a distinctly new ground of objection to a will cannot be filed more than three years after probate of the will, although a caveat stating other and

different objections may have been previously filed in due time and remain undisposed of. The object of the Act of 1894, chapter 405, was to protect legatees under wills by requiring objections thereto to be made within a reasonable time after probate and while the evidence relating to such objection is attainable. It would to a great extent subvert the purposes and beneficial operation of the statute, to hold that a party may file a caveat to a will upon one ground within three years after probate and then, without bringing to trial the issue upon that caveat, wait nearly three years more, or five years after the probate, as was done in this case, and file a caveat alleging a new and distinct ground of objection. While the form of an issue once granted may be amended so as to present more clearly the question to be determined by the jury, yet a substantially new issue cannot be added by way of amendment. In an action at law, when the plaintiff amends his declaration by stating a new cause of action, limitations may be pleaded to such amended *narr.,* although it could not have been pleaded to the original declaration. *Schulz* v. *Fox*, 53 Md. 42.

It makes no difference that in the present case the new issue was added by consent of the counsel for the administrator *c. t. a.,* who defended the will. It will be seen that the language of the statute is imperative, that no objection shall be made after a certain time. This deprives the Orphans' Court of jurisdiction to entertain an objection made after such time, and the consent of the parties cannot confer jurisdiction upon a Court. *Price* v. *Hobbs*, 47 Md. 379; *Cox* v. *Bryan*, 81 Md. 287.

For these reasons the motion for re-argument will be overruled.

*Motion for re-argument overruled.*

(Decided February 1st, 1899.)