————o————

## No. 4521.

### (Court of Appeal, Parish of Orleans.)

## MRS. MARY T. BREEDING VS. JAMES E. BREEDING.

1. A husband who has been a party to an authentic act by which it is declared that the wife purchases with her separate paraphenal funds and for her separate benefit, is estopped from contradicting the verity of such recitals. This rule is founded on considerations of public policy and the security of titles.
2. Whilst the father is the administrator, during marriage, of the estate of his minor children, he is none-the-less without authority to take any step affecting their interest except by pursuing the same forms as in case of minors represented by tutors.
3. He cannot invest the minors funds in buying property, as minors can neither alienate nor acquire property without the intervention of justice; that is to say without the authority of the judge granted on the advice of a family meeting.
4. As the legal mortgage in favor of minors results from tutorship and as there can be no tutor to a child where parents are living during marriage, there can hence be no legal mortgage in favor of minors on the property of their parents during marriage and whilst both parents are living.
5. Fathers and mothers have, during marriage, the enjoyment of the estate of their children, until their majority or emancipation.
6. The rights and obligations resulting from this enjoyment, in addition to the obligation to maintain and to educate their children according to their station in life, are the same as those which attach to usufructuaries generally.

263

7. If the estate of the minor of which his parents during marriage and whilst both parents are living, have the usufruct of, includes things which cannot be used without being expended or consumed, or without their substance being changed, the parents, as usufructuary, have the right to dispose of them at their pleasure.

8. Their obligation. however is to return the same quantity, quality and value to the owner, the minor, or their estimated price at the expiration of the usufruct.

Appeal from Civil District Court, Division D.

R. J. Maloney, for Plaintiff and Appellant.

H. Mithoff, Curator ad hoc, Appellee.

MOORE, J. This was an application of a married woman whose husband has abandoned her and is now an absentee to be authorized to sell certain real estate standing in her name and which is alleged to have been acquired by her with her own separate paraphernal funds and for her separate benefit.

She alleges that this is the sole property owned by her and that its sale is necessary to enable her to obtain the means for her support and that of her children. She prayed for the appointment of a curator ad hoc to represent her absent husband and for judgment decreeing that the authority of the Court be substituted in lieu of her husband's, and that she be authorized to make the sale of the property to one James M. Conner, who has agreed o purchase same for the sum of eighteen hundred dollars cash.

A curator ad hoc having been duly appointed, qualified and cited, made answer by way of general denial.

There was judgment rejecting the application and she appeals.

The evidence discloses the fact that plaintiff's husband abandoned her and their children some three years ago, leaving her penniless and in debt and with five children to support, three of whom are at present dependent upon her, the youngest of which is 10 years of age and the eldest 17; that all the property she possessed then or owns now is the property in question, which she acquired on the 10th day of October, 1904, some short while prior to her husband's abandonment. It is also in evidence that the act of sale under which she acquired the property recites that she purchases same 'with her own paraphernal funds under her

own control and administered by her independenlly of her husband"—the husband being a party to the authentic act of sale to aid and authorize his wife.

Under this recital in the act of sale it is clear, that the husband is bound by the declaration that the purchase was made with the wife's separate paraphernal funds and for her separate benefit.

The rule has been repeatedly affirmed that a husband who has been a party to an act of purchase in which it is declared that the price belonged to the wife in her paraphernal right and that the property is to be such, can not afterwards contradict it, 40 A. 580; 42 A. 241; 35 A. 374; 33 A. 688; 31 A. 124; 30 A. 1036; 9 A. 242; 41 A. 493; and as said in succession of Anna Maria Bellande, 42 A. 241-245, the rule is founded on consideration of public policy and the securiy of titles.

It is contended, however, by the Curator *ad hoc* that as it is shown by the evidence that the purchase of the property by the wife was in fact made with funds derived from a charity entertainment given for the benefit of one of her minor children, who was crippled in an accident, the title to the property vests by operation of law in that minor, notwithstanding the declaration in the act of purchase that the acquisition was for the mother, and that, in any event, that minor has a legal mortgage on the property as security for this fund.

These contentions are without support of law.

Whilst the father is the administrator, during marriage, of the estate of his minor children (C. C. 221), he is none the less without authority to take any step affecting their interest, except by pursuing the same forms as in case of minors represented by tutors. C. C. 222.

The father cannot—and still less the mother—invest the minor's funds in buying property, as minors can neither alienate nor acquire property, without the intervention of justice, that is to say without the authority of the judge granted on the advice of a family meeting. C. C. 353; 6 N. S. 521; 10 La. 328; 33 A. 353.

If the acquisition in the instant cause had been made directly in the name of the minor and with his funds, and, as it was without the authorization of the judge, granted on the advice of a family meeting, it would not have constituted the property that of the minor. Still less is it the minor's when the sale is made, as it is here, directly to the mother.

It might be sufficient answer to the second contention to say that even if it were true that the minor had a legal mortgage on the property to secure him for his fund thus employed in the purchase of the property, this would not and could not affect the question of *title*.

But no such mortgage exists.

The legal mortgage in favor of minors results from tutorship, and as there can be no tutor to a child whose parents are living, during marriage (7 N. S. 388; 6 La. 365; 3 R. 390; 12 R. 172; 3 A. 610', there hence can be no legal mortgage on the parents' property.

Under the textual provisions of the Code, fathers and mothers have, during marriage, the enjoyment of the estate of their children, until their majority or emancipation (C. C. 223). The rights and obligations resulting from this enjoyment, in addition to the obligation to maintain and to educate their children according to their station in life, are the same as those which attach to usufructuaries generally (C. C. 224). For these the general provision of law is that if the usufruct includes things which cannot be used without being expended or consumed, or without their substance being changed, the usufructuary has the right to dispose of them at his pleasure. C. C. 549. His obligation is to return the. same quantity, quality and value to the owner, or their estimated price, at the expiration of the usufruct. *Ibid.*

In the instant cause the "thing" which the parents had the usufruct of and which belonged to the minor, was money.

This could not be used without being expended. 31 A. 58; Marcade, Vol. 2, p. 461-2; Demolombe Verbo Usufruct, p. 235, sec. 287.

So it is, therefore, that as the "thing" in the instant case has been expended, the father, who during the marriage is the administrator of the estate of his minor child (C. C. 221), has incurred the obligation of simply accounting to his child at the latter's majority or emancipation for the money thus expended.

We have gone into this inquiry as to the rights of the minor herein simply because we felt it our duty to make no decree herein without considering whether such degree might not possibly impair or effect some right which the minor might have on the property, although the minor was no party to the suit, and could not be bound by the judgment. Courts should always have

266

a watchful eye over the rights of minors, and it was sufficient for us to know that the curator *ad hoc* had suggested, in oral argument that the minor would be injuriously affected were the authorization applied for granted, in order to direct our investigation to that subject.

After all, the sole parties concerned in this matter are the husband and wife, and the sole question to be determined is whether the husband—no matter whence the money came with which the property was purchased—is not stopped from contradicting the recital in the authentic act to which he was a party, that the wife purchased with her separate paraphernal funds and for her separate benefit. As we have shown, jurisprudence has answered this question in the affirmative. Authorities supra.

The husband being absent from and not represented in the State, his whereabouts being unknown, we are of opinion that the wife should have the authority of the Court substituted in lieu of that of her husband empowering her to sell the property.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and the same is hereby set aside, avoided and reversed, and it is further ordered, adjudged and decreed that Mrs. Mary T. Breeding, wife of James E. Breeding, be and she is hereby authorized and empowered to sell, cede and convey the property described in the petition to James M. Conner for the price and sum of Eighteen Hundred Dollars cash, and to make, sign and execute all necessary deeds, instruments and acts necessary to the completion of said sale, and with the same force and effect as if specially authorized and empowered so to do by her said husband. The applicant to pay the costs of both courts.