# SUPERIOR COURT OF BALTIMORE CITY.

Filed October 16, 1909.

PITTSBURG STEEL COMPANY
VS.
BALTIMORE EQUITABLE SOCIETY.

*J. Kemp Bartlett* for plaintiff.

*Gans & Haman* and *Wilton Snowden, Jr.,* for defendant.

STOCKBRIDGE, J.—

This case comes before the Court on a demurrer to the seventh count of the narr. and a motion to abate the suit. In support of this motion reliance is placed on the provisions of Chapter 305 of the Acts of 1908. In opposition to this the plaintiff urges the supposed unconstitutionality of the Act of 1908.

By the Act thus called in question the General Assembly undertook to substitute for the right of a creditor to proceed against individual stockholders for any sums due by them upon their subscription to the stock of an insolvent corporation, a proceeding in equity by way of a general creditors bill, or by the receiver for such corporation, if one had been appointed.

The Act then provided not merely that it should apply to cases arising thereafter, but that it should take effect as of July 1, 1907, nine months prior to its passage, and that all suits which had been instituted during that period should abate, and the present case is one of the suits brought during that period. This Act is practically the same, with a single exception, as the Act of 1904, Chapter 337, relating to the double liability of stockholders in trust, loan, guarantee and fidelity companies.

The constitutionality of the Act of 1904 was called in question and upheld in the case of the Bank vs. Snyder, 100 Md., 58. The decision in this case was rendered on November 30, 1904, and on the same day, a directly contrary conclusion was reached by the District Court of the United States in the case of the Knickerbocker Trust Co. vs. Myers, 133 Fed. Rep. 764, and this holding was affirmed on appeal by the Circuit Court of the United States, Judge Gray, delivering the opinion, 139 U. S., Ill., decided June 19, 1905. While the same precise point was not involved in Murphy vs. Wheatley, 102 Md., 513 and 520, decided January 6, 1906, our own Court of Appeals cites with approval the decision in the Bank vs. Snyder, supra.

The principle upon which the decision in the Bank vs. Snyder, rests is the familiar one that the legislature may change a remedy, provided it affords to those to be affected thereby an equally efficacious one. If this was a case of first impression I should be inclined to hold that the new remedy was not equally effective with the former.

Thus it might happen that the diligent creditor had by attachment secured a lien upon property amply sufficient to pay him in full, while under a general creditors bill he would realize but a small percentage on his claim ; but this Court must necessarily be governed by the law as declared by our own Courts.

Reference has been made to the fact of one point of difference between the Acts of 1904 and 1908. That has reference to the application of the statute of limitations to the period between the institution of a suit and the abatement of the same.

By the Act of 1904 this was carefully guarded, and preserved to the creditor his rights by expressly excluding that interval in the computation of time for determining the running of the statute. In the Act of 1908 this same interval is expressly included. In a case where the statute of limitations could be invoked as a defense, this would be a serious curtailment of the rights of the creditor. If the pleadings in the case at bar made it appear that such would be the effect as to this plaintiff, it would be the duty of the Court to hold the statute inapplicable to him upon the principle of construction adopted in Garrison vs. Hill, 81 Md., 551. But there is nothing in the pleadings in this case to suggest such a result, or to show that the plaintiff will in any way be affected in this respect by giving the statute effect, and the motion to abate will therefore be granted.