## MARGARET DASHIELL v. HOLLAND MAIDE CANDY SHOPS, ET AL.

[No. 35, October Term, 1936.]

*Decided November 13th, 1936.*

The cause was argued before BOND, C. J. URNER, OF-
FUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON,
JJ.

*Paul Berman*, with whom were *Frank F. J. Daily* and
*Harry Herman* on the brief, for the appellant.

*Arthur W. Machen* and *Wendell D. Allen*, with whom
were *Alexander Gordon, III*, and *Armstrong, Machen &
Allen*, on the brief, for the appellees.

BOND, C. J., delivered the opinion of the Court.

The appeal is from a denial of the appellant's petition
to reopen a claim under the Workmen's Compensation
Act, article 101, for the purpose of adding to her com-
pensation, because the petition was filed after the expira-
tion of the year allowed for such an application by the
Acts of 1931, ch. 342, amending section 54 of the act. An
Act of 1935, chapter 236, effective subsequent to the ex-
piration of that year, extended time allowances to three
years, and the appellant contends that it extended the
time for her application, notwithstanding the previous
lapse of the time then allowed. The court below ruled
against that contention.

The injury, a cutting off of the ends of the appellant's
fingers on the right hand, occurred on July 15th, 1933,
and on August 2nd, 1933, the State Industrial Accident
Commission awarded compensation of eight dollars a
week from July 19th, 1933, for temporary total disability,
and after termination of that temporary disability eight
dollars a week for forty-eight weeks for permanent par-
tial disability. A final settlement receipt was, as usual,

ordered to be filed with the Commission in due time, and the record shows it to have been filed on September 4th, 1934. On July 3rd, 1935, the claimant, as stated, filed her petition for the reopening and consideration of further disability accrued.

The Act of 1931 added to section 54 of the Compensation Act a proviso that "no modification or change of any final award of compensation shall be made by the Commission unless application therefor shall be made to the Commission within one year next following the final award of compensation." The succeeding Act of 1935, effective June 1st, 1935, changed the word "one" to "three," and added a provision that "no award shall be considered a final award under this Section unless it shall have been so designated on the award by the Commission."

It is, of course, a general principle that statutes are not to be given a retrospective effect unless their words require it, and the rule controls limitation provisions in statutes. *Ireland v. Shipley*, 165 Md. 90, 99, 166 A. 593. "A statute ought not to have a retroactive operation, unless its words are so clear, strong and imperative, that no other meaning can be annexed to them, or unless the intention of the Legislature could not be otherwise satisfied; and especially ought this rule to be adhered to, when such a construction would alter the pre-existing situation of parties, or would affect or interfere with their antecedent rights." *Williams v. Johnson*, 30 Md. 500, 508; *Shwab v. Doyle*, 258 U. S. 529, 42 S. Ct. 391, 66 L. Ed. 747.

The Act of 1935 made no reference to awards in previous cases. On the contrary, it appears to contemplate only a prospective operation, for it provides that, to serve as beginnings of the periods of limitations, only those orders which shall have been designated as final shall be considered final. There was no such restriction in the law previously, no requirement that awards be so designated, and a new practice would naturally be prescribed only for the future, when it could be followed. And it seems to the court there would be an inequality not likely to be intend-

ed in adding the three years' limitation, found appropriate to future cases, to all old cases, especially those from before 1931, for which a one year limitation had already been provided. *Russell v. United States,* 278 U. S. 181, 187, 49 S. Ct. 121, 122, 73 L. Ed. 255. The appellant, taking the definition of final awards from the Act of 1935, argues that there were no final awards in previous cases to be closed in a year, and beyond reopening, under the Act of 1931. That argument would leave the act of 1931 without any application. But that act recognized the existence of "final awards" then, when there were none made such by designation, and there was finality in fact in awards which, like that to the present claimant, were, as described in section 40 (as amended by Acts 1931, ch. 364) awards "determining such claim for compensation," and after payment of which a "final settlement receipt" was required and given. The contention was made and answered in *Ireland v. Shipley,* 165 Md. 90, 102, 166 A. 593.

The appellant cites section 43 of the Workmen's Compensation Act as applicable and giving a right to reopen for the purposes of this case, independently of the Acts of 1931 and 1935 amending section 54. Section 43 provides generally, without time limitation expressed in it, that if aggravation, diminution, or termination of disability takes place, the Commission may readjust for future application the rate of compensation. But section 54 as amended has been considered as "defining the jurisdiction of the commssion in respect to the time within which it might exercise the powers conferred by section 43." This contention, too, was fully answered in *Ireland v. Shipley,* 165 Md. 90, 100, 166 A. 593. The conclusion of the court therefore is that the Act of 1935 has no retroactive effect, so as to permit a reopening of the appellant's claim once closed under the Act of 1931, and to permit her to apply now for further compensation.

This conclusion renders it unnecessary to decide the further question whether, if the Act of 1935 had been intended to have a retrospective effect upon cases pre-

viously barred under the Workmen's Compensation Act, it would have been to the extent of that purpose invalid as an unconstitutional interference with a right. *Grinder v. Nelson*, 9 Gill, 299; *Peninsula Produce Exch. v. New York, P. & N. R. Co.*, 152 Md. 594, 137 A. 350; *Garrison v. Hill*, 81 Md. 551, 32 A. 191; *Meyer v. Henderson*, 88 Md. 585, 41 A. 1073, 42 A. 241; *Central Vermont R. Co. v. White*, 238 U. S. 507, 511, 35 S. Ct. 865, 59 L. Ed. 1433; *Fullerton-Krueger Co. v. Northern Pac. Co.*, 266 U. S. 435, 45 S. Ct. 143, 69 L.Ed. 367; *Danzer & Co. v. Gulf & Ship Island R. Co.*, 268 U. S. 633, 45 S. Ct. 612, 69 L. Ed. 1126; *Link v. Receivers of S. A. L. R. Co.* (C. C. A.) 73 Fed. (2nd) 149; Review of decisions 36 *A.L.R.* 1316. The question was not decided in *Ireland v. Shipley.* That case involved, not a question of resuscitation of a claim previously barred, but only one of application of the limitation in the Act of 1931 to a petition to reopen an old case for which there was no previous limitation.

The trial court disposed of the appeal by granting a motion to dismiss it. The statute, article 101, sec. 56 (as amended by Acts 1933, ch. 508), does not permit exactly that disposition, but requires that the decision of the Commission shall be confirmed, reversed, or modified. The difference is not substantial, but the correct procedure should be followed, and the decision will be taken as confirmed below.

*Judgment affirmed, with costs.*

OFFUTT, J., concurs in the result, basing his concurrence on the unconstitutionality of a statutory resuscitation of such a previously barred claim.