(Decided June 1st, 1864.)

---

The STATE OF MARYLAND, FOR THE USE OF RICHARD ISAAC, *vs.* WILLIAM B. JONES AND CHRISTOPHER BRASHEARS.

CONSTABLE'S BOND, ACTION ON: STATUTE OF LIMITATIONS: ACT 1853, CH. 132.
 Under the Act of 1853, ch. 132, providing that all actions on constable's bonds shall be brought within five years from the date thereof, and not afterwards,—a party having a right of action at the time the law went

into operation must institute suit within the time prescribed by the Act, even although, as the law stood at the time the bond was executed, the right of action would have continued for a longer period.

CONSTITUTIONAL LAW.—And the Act of 1853, by so abridging the period within which such suits may be brought, does not so affect the right of action as to fall within the constitutional inhibition against laws impairing the obligation of contracts.

APPEAL from the Circuit Court for Prince George's County.

*Action* upon a constable's bond, brought October 28th, 1859, by the appellant, against the appellees, as sureties upon said bond. The defendant pleaded *limitations*, to which plea the plaintiff demurred. The Court below, (CRAIN, J.,) overruled the demurrer, and the judgment being for the defendant, the plaintiff appealed.

The facts of this case are more fully stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Samuel H. Berry* and *Frank H. Stockett*, for appellant:

The appellant will insist, that the judgment of the Court below was erroneous, and should be reversed. The Act of Assembly limiting the time within which suits should be brought on constable's bonds, was passed in 1853, ch. 132, and by its terms did not go into operation until the 1st day of January 1854. Before the passage of that Act, twelve years from the date of the bond were allowed by law to bring suits, and this law imposed duties and responsibilities, and created rights which were impaired and abrogated by the Act of 1853, if retroactive. Courts are not inclined to give a statute a retroactive operation. *Butler vs. Boarman*, 1 H. & McH., 371. *Magruder & Tuck, vs. Carroll & others*, 4 Md. Rep., 335. Under the law as it existed prior to 1853, the plaintiff would have had twelve years within which he might have brought his action. This was

a valuable vested right, and even should it be construed as forming no part of the contract, it was a responsibility assumed by the defendants, and entered into the inducement of the contract. By the Act of 1853, this valuable vested right, which, at the time this law was passed, had nearly eight years to run, was by this Act cut down in the time to less than one year.

In the case of *Baugher & others, vs. Nelson,* 9 *Gill,* 299, this Court distinctly announce the doctrine, that a statute which by its retrospective operation divests vested and valuable rights, is, in the absence of any express prohibition in the Constitution of the United States, or of this State, unauthorised and void, as arbitrary and violatory of the first rules of right and justice, and contrary to the fundamental principles of the social compact. It may however be insisted, that this law does not defeat vested rights or abrogate contracts, but goes only to the remedy, leaving the obligation on the part of the defendants, the same as it was before the passage of the law. But of what avail is the right to demand the performance of a violated contract without the remedy to enforce the right? For all practical purposes the rights under the bond are as effectually defeated as if the bond itself had been cancelled by the express words of the law. This Court has met this view of the case in the same decision, 9 *Gill,* where it is said that, "an Act which divests a right through the instrumentality of the remedy, and under pretence of regulating it, is as objectionable as if aimed at the right itself."

But it will also be insisted, that if this Act is to be construed as applicable to objections existing prior to its passage, then it is a law impairing the obligation of contracts, and for this reason must be treated as an infraction of the Constitution of the United States, and void. On the part of the appellees it is presumed they will argue, that the provisions of the Act of 1853, impair no rights which entered into or formed part of the contract or obligation assumed by them, but was only intended to apply to the remedy. This ap-

plication of this clause in the Constitution, has given rise to many most able discussions by the greatest legal intellects of the country, and may still be said to be unsettled as to the extent to which it may be applied. *Story on Con.*, sec. 1385, &c. *Story's Conf. of Laws*, sec. 576, &c. *Don vs. Lippman*, 5 *Clark & Finnelly*, 15, 16. *Sturges vs. Crowninshield*, 4 *Wheat.*, 200, 207. *Mason vs. Haile*, 12 *Wheat.*, 370, 380. *Ogden vs. Sanders*, *Id.*, 262, &c. *Hawkins vs. Barney*, 5 *Peters Sup. Ct. Rep.*, 457. 1 *Kent's Com.*, 419. *Green vs. Biddle*, 8 *Wheat.*, 1, 17, 84.

These cases, though all decided on cases not of limitations to the action, which went to defeat the remedy on pre-existing obligations, yet have very fully discussed the whole doctrine in relation to the effect of such laws on the remedy, distinguished from the contract itself. The better opinion to be derived from them all, as well as many other decisions entitled to equal consideration, now seems to be, that though there may be legitimate alterations of the remedy, if they do not seriously impair that remedy, yet that all effectual remedies protecting the rights and interests of the parties, existing when the contract was made or the obligation assumed, become essential ingredients in it, and are parcel of the creditor's right, and ought not to be disturbed. All suspension by statute of remedies, or any part thereof, existing when the contract was made, is more or less impairing to its obligation. 1 *Kent's Com.*, 419, note a. 4 *Kent's Com.*, 434, note a. *Green vs. Biddle*, 8 *Wheat.*, 1. *Bronson vs. Kinzie*, 1 *How. U. S. Rep.*, 311. *McCracken vs. Hayward*, 2 *How. U. S. Rep.*, 608, 612, 614.

To deny any remedy under a contract, or by burdening the remedy with new conditions and restrictions, to make it useless or hardly worth pursuing, is equally a violation of the Constitution. 1 *Kent's Com.*, 419.

In the case of *Sturges vs. Crowninshield*, 4 *Wheat. Rep.*, 207, Chief Justice Marshall decides a proposition which covers this case exactly. In speaking of how far State Legislatures have the power to change the remedies furnished

State, use of Isaac, *vs.* Jones, et al.

by the Courts, he expressly limits it to that class of cases whose obligations date subsequent to the passage of the law, but as to contracts already entered into, such enactments would impair the obligation of contracts and be void. His words are: "If in a State where six years may be pleaded in bar to an action of *assumpsit,* a law should pass declaring that contracts already in existence not barred by the statute, should be construed to be within it, there could be little doubt of its unconstitutionality."

It is therefore submitted, that the Act of 1853, ch. 132, as to all pre-existing contracts, is contrary to the Constitution of the United States, and that the plea of the defendants is no bar to this action, and that the judgment of the Court below will be reversed.

No Counsel appeared for the appellees:

COCHRAN, J., delivered the opinion of this Court:

This suit was brought on the 28th of October 1859, against the appellees, as sureties on a constable's bond, executed on the 29th of May 1849, the appellant assigning for a breach of the condition, the neglect of the constable to collect and pay over the amount of a single bill, delivered to him for collection in March 1850. Judgment was entered for the appellees, on what the appellant here contends was an erroneous overruling of his demurrer to their plea of limitations.

The Act of 1853, chap. 132, prescribing the limitation pleaded, provides that all actions on constable's bonds should thereafter be brought within five years from the date thereof, and not afterwards. This Act was passed on the 2nd of May 1853, with an express provision, contained in its third section, that it should go into effect on the 1st of January 1854. The period of five years from the date of the bond in this case, did not expire until the 29th of May 1854, and it thus appears that the appellant had five months after this Act became effective, and almost thirteen

months after it was passed, within which to bring his action. As the law stood when the bond was executed, it would have continued actionable for the period of twelve years, or until the 29th of May 1861, and the office of the demurrer, therefore, was to present the single question, whether the Act of 1853, by abridging that period, so affected the appellant's right of action, as to fall within the constitutional inhibition against laws impairing the obligation of contracts. This question has been fully discussed, and, as we think, finally determined. The leading cases on this subject all recognize the distinction between the obligation of a contract and the remedy by which it may be enforced; and while they treat the latter as a mere creature of the law, at all times within the scope of the legislative regulation, they yet establish the rule, that the abrogation or suspension of a remedy, necessary to enforce the obligation of an existing contract, according to its spirit and true legal intent, is within the inhibition of the Constitution, and therefore void. And the same rule obtains in regard to legislation which changes, or so qualifies a remedy as to impair the correlative interest or benefit proposed by, and resting alone in the performance of the obligation. In *Jackson vs. Lamphine*, 3 *Peters*, 280, the Court said, that, "it is within the undoubted power of State Legislatures to pass recording Acts by which the elder grantee should be postponed to a younger, if the prior deed is not recorded within the limited time; and the power is the same whether the deed is dated before or after the passage of the recording Act. Though the effect of such a law is to render the prior deed fraudulent and void against a subsequent purchaser, it is not a law impairing the obligation of contracts; *such, too, is the power to pass acts of limitations, and their effects*. Reasons of sound policy have led to the general adoption of Acts of both descriptions, and their validity cannot be questioned. The time and manner of their operation, the exceptions to them, and the Acts from which the time limited shall begin to run, will generally depend on

the sound discretion of the Legislature." In *Sturgis vs. Crowninshield*, 4 *Wheat.*, 122, where the constitutionality of a State bankrupt law was drawn in question, the Court said, in reviewing an argument founded upon an alleged analogy to the power to pass statutes of limitations, that such " statutes relate to the remedies which are furnished by the Courts. They rather establish that certain circumstances shall amount to evidence that a contract has been performed, than dispense with its performance. If, in a State where six years may be pleaded in bar to an action of assumpsit, a law should pass declaring that contracts already in existence, not barred by the statute, *should be construed to be within it*, there could be little doubt of its unconstitutionality." Here the illustration put by the Court is one where the effect of the supposed law would be to suspend or abrogate the remedy altogether, but it is entirely consistent with the doctrine stated in *Bronson vs. Kinzie*, 1 *How.*, 311, afterwards affirmed in *McCracken vs. Hayward*, 2 *How.*, 608, that the States have an undoubted right to " *regulate at pleasure the modes of proceeding in relation to past contracts, as well as future*," and, " *for example, may shorten the period of time within which claims shall be barred by statutes of limitations*." This was precisely what the Act of 1853 was intended to do, and all that it effected. The appellant was not deprived of his remedy, for that, as we have seen, remained to him for a long time after the Act was passed, and for several months after it took effect. We are satisfied from the authorities to which we have referred, that his demurrer was properly overruled, and shall therefore affirm the judgment.

*Judgment affirmed.*

(Decided June 1st, 1864.)