# COUNTY COMMISSIONERS OF HARFORD COUNTY

## *vs.*

## C. CHAPMAN ROUSE.

*County Treasurer—Local Law—Repeal by General Law.*

Acts 1920, ch. 257, requiring every collector of county taxes, and also every collector of State taxes appointed by county commissioners, to give bonds as therein prescribed for the performance of the duties of his office, does not apply to the treasurer of Harford County, an elected officer, who is by the local law the collector of taxes, and the amounts and terms of whose bonds are prescribed by Acts 1916, ch. 680, sec. 463, a local law.
p. 552

A local law will not be regarded as repealed by a general law, except by clearly indicated purpose on the part of the legislature.
p. 552

*Opinion filed June 23rd, 1922.*

Appeal from the Circuit Court for Harford County (HARLAN, J.).

Petition for mandamus by C. Chapman Rouse against the County Commissioners of Harford County. From an order directing the writ to issue, the respondent appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Alexander Armstrong, Attorney General,* with whom was *R. H. Archer, Jr.,* on the brief, for the appellant.

*John S. Young,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an application for a writ of mandamus by the petitioner against the respondent, the County Commissioners of Harford County, to require the latter to approve the bonds of the petitioner as treasurer of Harford County, under the conditions required by section 463 of chapter 680 of the Acts of 1916.

The petitioner was elected treasurer of Harford County in the year 1921, under the provision of the local law of Harford County, which provided that the treasurer of Harford county shall be the collector of all state and county taxes for the county, however levied, and shall receive all monies which may be due the county from any source whatever, and his receipt alone shall be a valid acquittance for money due Harford County, and shall pay all claims against the county, when certified to him by the County Commissioners.

By section 463 of the same act, it is provided that, before qualifying and entering upon the discharge of his duties, the treasurer shall execute a bond to the State of Maryland in a penalty of twenty-five thousand dollars, with the condition prescribed by the general laws of the State for the bonds of collectors of State taxes; and also a bond to the State of Maryland for the penalty of twenty-five thousand dollars, conditioned for the faithful performance of his duties as treasurer of Harford County; that said bond shall be approved by the County Commissioners and new bonds shall be given for each year of the term.

The petition alleges that the treasurer tendered the bonds as required by law, each in the penal sum of twenty-five thousand dollars, with sufficient surety, to the County Commissioners on the first day of May, 1922, as required by law; for approval by them, but they refused to approve the bonds tendered by him, because the county bond was not in the penal sum required by the Act of 1920, chapter 257, and also refused to approve the second of the bonds, on the ground that, under the Act of 1920, the County Commissioners were

not authorized to approve the bonds of the treasurer to be given for the collection of State taxes.

The objection of the County Commissioners of Harford County to the approval of the bonds, as presented by the county treasurer, was based upon the provisions of section 34 of article 81 of the Code, as repealed and re-enacted by chapter 257 of the Acts of 1920. This section provides that every collector of county taxes, before he acts as such, shall give bond to the State of Maryland in a penalty of double the amount of such taxes to be collected by him, with good and sufficient sureties to be approved by the County Commissioners; with the condition that if the above bound——shall well and faithfully execute his office, and shall account for and pay to the County Commissioners, or their order, the several amounts of money which he shall receive for the county, or be answerable for by law at such time as the law shall direct, then the said obligation to be void, otherwise to be and remain in full force and virtue in law; and every collector of state taxes appointed by the County Commissioners shall also give a separate bond to the State of Maryland in a penalty double the amount of the tax to be collected by him, with good and sufficient securities to be approved by the Governor, with the condition that if the above bound——shall well and faithfully execute his office and shall account for to the Comptroller and pay to the Treasurer of the State the several sums of money which he shall receive for the State or be answerable for by law, at such times as the law shall direct, then the said obligation to be void, otherwise to remain in full force and effect; provided that whenever the surety on the bond of any such collector of county or state taxes is a corporation authorized by the laws of the State to qualify as such, the amount of the penalty of the bond shall be an amount not exceeding the amount of such tax to be collected by him.

The contention of the appellant is, that the local law of Harford County, section 463, chapter 680, of the Acts of

1916, relating to the bonds of the treasurer of that county, was repealed by the Act of 1920, chapter 257.

The Circuit Court of Harford County overruled this contention and, by its order of May 3rd, 1922, directed a mandamus to issue, requiring the appellant to accept and approve the bonds of the treasurer of that county, under the conditions required by section 463 of chapter 680 of the Acts of 1916, and from this order the respondent has taken this appeal.

The rule of law applicable to this class of cases is well settled, that local laws will not be held repealed by a general law, except by clearly indicated purpose on the part of the Legislature.

In *Frostburg Mining Co.* v. *Cumb. & P. R. R. Co.*, 81 Md. 35, it is said: "It can hardly be necessary to say that the repeal of a prior existing act of the Legislature by implication is never favored in law, and it is only when the two acts are repugnant and plainly inconsistent with each other that the rule applies. If the two acts can by a fair and a reasonable construction stand together, there is no ground on which it can be held that the later act operates as a repeal of the former act." *Alexander* v. *Baltimore*, 53 Md. 100; *Montel* v. *Consolidated Coal Co.*, 39 Md. 164.

In the present case, the general law of 1920, it would seem, relates only to collectors of state taxes who are appointed by the County Commissioners, and as the treasurer of Harford County is elected by the people, the provisions of the local law, as to the State bond, must apply and would control the amount and approval of the State bond, mentioned in the petition.

But apart from this, we find nothing in the Act of 1920, chapter 257, that indicates an intention or purpose of the Legislature to substitute a new scheme of laws for the existing law, or to repeal the local law by the adoption of a new general law to operate throughout the State.

It is to be assumed, as was said by this Court in *Chesapeake Beach Hotel Co.* v. *Hall,* 121 Md. 652, that if the Legislature had intended to work such a radical change as that contended for in this case, it would have so declared, or at least it would have employed language from which its intention would have clearly appeared.

The purpose of the Legislature, in passing chapter 257 of the Acts of 1920, was to repeal and re-enact section 34 of article 81 of the Code, with certain amendments, without any reference or relation to the office of treasurer of Harford County, which was controlled by the local law of that county.

It will be seen that section 34 of article 81 of the Code did not apply to Harford County, in so far as the office of treasurer was concerned, because there was in existence, at the time of its repeal, chapter 680 of the Acts of 1916, a local law of that county, and the Legislature clearly had no intention, by its repeal and re-enactment, to disturb the local law.

For these reasons, we affirmed the order appealed from, in a *per curiam,* filed on the 5th day of May, 1922, and said: "This Court being of opinion that the local law of Harford County (Act of 1916, chapter 680, section 463), relating to the bonds of the Treasurer of said county, has not been repealed by the Act of 1920, chapter 257, but is in force and effect and controls the questions presented in this case as to the amount and approval of the bonds mentioned in the petition for mandamus." It follows that the order of the Circuit Court for Harford County, appealed from, will be affirmed.

*Order affirmed, with costs.*