MATTHEW H. TAGGART, Insurance Commissioner
of Pennsylvania *v.* SILAS B. MILLS

[No. 14, January Term, 1942.]

*Decided January 21, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*John A. Cochran* and *Ralph P. Dunn,* with whom were *Allers & Cochran* on the brief, for the appellant.

*Alfred J. O'Ferrall, Jr.,* for the appellee, Silas P. Mills.

*Eldridge Hood Young,* with whom were *Niles Barton, Morrow & Yost, William A. Graham, Victor I. Cook* and *C. Morris Harrison* on the brief, *amicus curiae,* for Keystone Policyholders' Protective Committee.

*Palmer R. Nickerson, Gordon G. Power* and *Due, Nickerson & Whiteford, amicus curiae.*

BOND, C. J., delivered the opinion of the Court.

After the decision of the case of *Taggart v. Wachter, Hoskins & Russell, Inc.,* 179 Md. 608, 21 A. 2d 141, settling several questions of law arising out of the assessment of

304

the policyholders in the Keystone Indemnity Exchange, the liquidator of that Exchange filed within three years subsequent to the assessment a large number of suits against other policyholders, and this second case is brought up on appeal to settle for all of these the additional question of the application to the causes of action, previously existing as they were, of the limitation enacted by the Act of 1941, Ch. 640, Sec. 2, Code, Art. 48A, Sec. 171A. To a declaration in a suit against a subscriber and policyholder the defendant pleaded the statute, the plaintiff demurred to the plea, the demurrer was overruled, judgment for the defendant was entered, and the plaintiff appeals.

The period of limitations applicable except for the new statute would be three years from the date of the assessment, September 12, 1938, a period expiring after the suits were brought. *Taggart v. Wachter, Hoskins & Russell, supra.* But the statute, Section 171A, approved on May 2, 1941, provides that no action shall be brought against a subscriber or policyholder in a reciprocal or interinsurer on an assessment later than one year after the termination of his policy or contract, unless he shall have been notified of the assessment within one year after the termination of his policy or contract. This present suit is against a holder of an automobile insurance policy in the Exchange, which was effective one year from February 8, 1930, and the statute, though finally enacted on May 2, 1941, became by its terms and by force of the constitutional provision, effective June 1, 1941, Constitution of Maryland, Art. XVI, Sec. 2 . Policies of other holders or subscribers were in full force as late as March of 1933, when the Exchange became insolvent and was placed in the hands of the liquidator. A notification of the assessment, as required by the new statute, was never given, and, of course, could not be given now before a past time. The new statute, if effective against the suit, would impose by its terms an impossible condition, and bar the suit altogether.

The hardship of recovery now, after such a long lapse of time, from a policyholder or subscriber who had forgotten his contingent liability for assessments, if he had ever regarded it as having any substance, is obvious, and has been referred to in argument. It is agreed, however, that it can have no influence on the decision, that there can be no departure from the established rules of law. The subscribers entered into an undertaking to maintain a fund to insure each other and to add to that fund if necessary, upon proper assessment; it became necessary; and by reason of the slow progress of liquidation of the Exchange up to that point their contract became a hard one. The period of limitation, if unaffected by the recent statute, dated from the time of the assessment. *Glenn v. Williams,* 60 Md. 93, 123; *Mister v. Thomas,* 122 Md. 445, 459, 89 A. 844; *Taggart v. Wachter, et al., supra.*

The objections now made to application of the new statute are that it has no retrospective effect to bar causes of action accrued before its passage, and that if it could be given that effect it would be to that extent an unconstitutional enactment, because of its barring the pre-existing causes without allowing a reasonable further time for their enforcement. The two objections are to be considered as quite distinct.

"It is a sound rule of construction, founded in the wisdom of the common law, that whenever a statute is susceptible without doing violence to its express terms, of being understood either prospectively or retrospectively, courts of justice invariably adopted the former construction. A statute ought not to have a retroactive operation, unless its words are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the Legislature could not be otherwise satisfied; and especially ought this rule to be adhered to, when such a construction would alter the pre-existing situation of parties, or would affect or interfere with their antecedent rights." *Williams v. Johnson,* 30 Md. 500, 508, 96 Am. Dec. 613; *Diamond Match Co. v. State Tax Commission,* 175 Md. 234, 239, 200 A. 365. And this

is a rule which, in Maryland, applies to statutes of limitation as well. "But while statutes of limitation are incidental to procedure unless a contrary intent is clearly manifested, the general rule is that such statutes will not be construed as operating retroactively so as to bar the enforcement of rights existing at the time they were passed, but prospectively so that the period prescribed will as to such rights begin to run at the time when the statute takes effect." *Ireland v. Shipley,* 165 Md. 90, 99, 166 A. 593, 596. The decision in *Ireland v. Shipley* is shown to have been possible on another ground, but the ground actually adopted was that the statute of limitation was to be construed to apply to existing rights only after the lapse of time stated, unless an intention to make it apply retroactively appeared in the Act, or by clear implication; that the question of its application was one of intention. This is in accord with the Maryland decisions cited. *Manning v. Carruthers,* 83 Md. 1, 8, 34 A. 254; *Garrison v. Hill,* 81 Md. 551, 557, 32 A. 191; *Baumeister v. Silver,* 98 Md. 418, 427, 56 A. 825; *Frey v. Kirk,* 4 Gill & J. 509, 23 Am. Dec. 581. And it is in accord with many, but not all, decisions in other jurisdictions. 1 *Wood, Limitations,* 4th Ed., Sec. 12b; *United States v. St. L., S. F. & T. Ry. Co.,* 270 U. S. 1, 3, 46 S. Ct. 182, 70 L. Ed. 435. "While the rule is abundantly settled that statutes will not be construed as operating retrospectively unless the legislative intent is unmistakable * * * it is after all a question of legislative intent." *Silurian Oil Co. v. Essley,* 54 F. 2d 43, 47.

The case of *State v. Jones,* 21 Md. 432, is cited as a contrary holding. If it is so, its view has not prevailed in the State, and we cannot consistently give it the effect contended for. That case was argued to the court and considered in *Ireland v. Shipley.* It may be that the court in *State v. Jones* took the wording of the statute then considered, and the time afforded for enforcement of old causes, as indicating an intent that those causes should be affected. In *Button v. A., T. & S. F. Co.,* 1 F. 2d 709, 711, a similar statutory provision that suits

should be filed within the time limited, "and not after," 49 U. S. C. A., Sec. 16 (3), was thought to make such an allowance for pre-existing causes.

An allowance in a statute of time for suit between the passage of it and its date of taking effect—here there was an interval of twenty-nine days—has in a number of cases been regarded as indicating an intention in the act that it should apply to pre-existing causes of action; and there are cases to the contrary. It is still a question of intention. "If such is not the intent," says one opinion, "why the postponement?" *State ex rel. Anderson v. Gen. Accident etc. Corp.*, 134 Minn. 21, 158 N. W. 715, 716, *Ann. Cas.* 1918B, 615. "The second section of the Act," said another court; "provides that it shall not take effect until one year after its passage. * * * A [contrary] construction that the Act has no application to judgments rendered before its enactment would render this provision nugatory." *Wrightman v. Boone County,* 88 F. 435, 436. And we are not prepared to say we should not agree that a considerable allowance might be taken to indicate such an intention. Cf. *State v. Jones,* 21 Md. 432. But we cannot say that it was indicated in this Act. By virtue of the constitutional provision in Article XVI, Section 2, all Acts, retrospective and prospective in operation alike, not classed as emergency enactments, take effect on June 1 following the session of the Assembly at which they are passed, and since the adoption of that constitutional provision, beginning with the Acts of 1916, all enactments of the Maryland Assembly, except the emergency enactments and a few uniform laws prepared out of the State, have alike contained the express provision that they shall take effect on June 1 following. Equally applicable to all these Acts, therefore, it does not mark any as retroactive. Further, under the Maryland practice of having the executive signature affixed only after study of bills passed, the Legislature could not make any allowance of time, for it could not control the time, and assure any interval. *Johnson v. Luers,* 129 Md. 521, 526, 99 A. 710.

Again, the fact that performance of a new Act, the giving of notice of the assessment within a year of the termination of the policy or contract, is required by the recent statute, would indicate to a legislature that a prospective operation only is contemplated, for the Act could only be performed in the future. *Jones v. Gordy,* 169 Md. 173, 181, 180 A. 272.

We have considered the possibility of construing the constitutional provision itself as an allowance of time for suit on a pre-existing cause of action. It is not the generally accepted construction, and statutes of limitation have repeatedly been held prospective only notwithstanding they were enacted under such constitutional provisions. And in view of the recognized difficulty, and sometimes injustice, of retroactive operation it is not conceivable that a constitutional provision would intend that all statutes, comprehensively, should have that operation. "These and similar provisions," says *Cooley, Constitutional Limitations,* 8th Ed. 327, "are designed to secure, as far as possible, the public promulgation of the law before parties are bound to take notice and act under it, and to obviate the injustice of a rule which should compel parties at their peril to know and obey a law of which, in the nature of things, they could not possibly have heard." The constitutional provision cannot be so construed.

It seems to be assumed in some of the arguments that this new statute was prepared with the purpose of barring these very claims on the Exchange assessments. The court would not have any authentic information of the fact, if the fact were relevant. It is not relevant, for the intention of the Legislature passing the Act, and that of the Governor signing it, form the test for construction, and only the understanding of legislators and the Governor examining the Act is to be measured.

The statute does not, then, contain any expression of intention that it shall affect pre-existing causes of action, and the intention cannot be implied, and, therefore, under the law as it is laid down for us, there seems to be

no escape from the conclusion that those causes are not affected. It is the unanimous conclusion of this court that the demurrer to the plea of the defendant setting up the statute as a bar should have been sustained, and that the judgment must be reversed. The question whether the interval of time between passage of the Act and its effective date might be sufficient to save the Act from unconstitutional interference with vested rights if it was at all intended to be retroactive, need not be discussed.

*Judgment reversed, and a new trial awarded, with costs.*