JOSEPH LOEFFLER, ET AL. *v.* ANNA L. CAREY, ET AL.

[No. 53, January Term, 1943.]

*Decided April 28, 1943.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, GRASON, MELVIN, and ADAMS, JJ.

*Harry E. Goertz,* with whom was *Frederick H. Hennig-hausen* on the brief, for the appellants.

*I. Duke Avnet* and *William Taft Feldman,* with whom was *Albert L. Sklar* on the brief, for the appellees.

SLOAN, C. J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court No. 2 of Baltimore City dismissing a motion of the appellants for a decree *in personam* against the appellees, as a result of a mortgagee's sale.

On September 25, 1925, the appellees, Anna L. Carey and Dominic A. Lanahan, together with Joseph C. Carey and Catharine T. Lanahan, not so stated, but evidently

the respective wife and husband of the other two mortgagors, joined in the execution of a mortgage to the Mechanics Lexington Permanent Building & Loan Association No. 6 of Baltimore City, to secure the payment of the sum of $1,800, on certain leasehold property in Baltimore City. The mortgage was in the usual assent decree form applicable only to Baltimore City. Code, Public Local Laws, 1930, Art. 4, Sec. 720, Baltimore City Charter (1938), Sec. 832. November 20, 1937, the mortgagee filed its petition, after default by the mortgagors, for an assent decree, for foreclosure, which was passed the same day; a sale was had and on January 31, 1938, the auditor's account was ratified, from which it appears that there was a net deficiency on the mortgage debt of $230.14. On August 4, 1942, the appellants, Joseph Loeffler and Michael F. Delea, the appellants, who had been appointed receivers of the mortgagee, the Mechanics Lexington Permanent Building & Loan Association No. 6, petitioned the court to be substituted as parties plaintiff, which was done the same day. The receivers, on October 22, 1942, filed their motion for a decree *in personam* against the mortgagors for the deficiency shown by the auditor's account. A summons was issued for the mortgagors, dedefendants, who demurred, on the sole ground that the period of three years having elapsed from the ratification of the auditor's account, January 31, 1938, and the motion for a deficiency decree, October 22, 1942, under Section 25, Article 66, and Section 241, Article 16 of the Code of Public General Laws, both sections being identical, were barred by the limitation of the Act of 1939, Chap. 507.

The statute amended, Section 232, Article 16, and Section 24, Article 66, Code of 1924, had provided that decrees *in personam* might be entered at any time within twelve years from the ratification of the auditor's account; the Act of 1939, Chap. 507, had substituted three years for twelve. The question submitted here is whether the twelve-year period applies under the Code of 1924,

or the three-year period of the Act of 1939, Chap. 507, Code of Public General Laws, Art. 16, Sec. 241, and Art. 66, Sec. 24, and whether that Act repeals or amends the provision of the Charter of Baltimore City on the same subject matter, *supra*, by which the twelve-year period apparently subsists. The appellant contends that the twelve-year period of the City Charter prevails, and the appellees, that the three-year period of the Act of 1939 applies; if the former, then the deficiency decree is effective; if the latter, it is outlawed because the deficiency decree was not entered within three years of the ratification of the auditor's account. It appears from the appellants' brief that one judge in Baltimore, with the same plaintiff against another defendant, has decided that the twelve-year period applies, Daily Record, November 28, 1942, in which no appeal was taken. In the instant case another judge, in the same court, decided that the three-year period applied. So that we are not only now deciding between the appellants and appellees, but expressing our opinion as to which judge was right.

The City Charter provision (1938), Sec. 853, in terms exactly the same as in the Code of 1924 (*supra*), is a local law applicable to mortgagee's sales in Baltimore City. The Act of 1939, Chap. 507, contains no reference to the local law; it repeals two sections of the general law of the State. If we are to draw any inferences from the Act of 1939, they would be that it should not apply to Baltimore City, as repeals by implication are not favored. *Mayor, Etc., of City of Cumberland v. Magruder*, 34 Md. 381; *Garitee v. Mayor, Etc., of City of Baltimore*, 53 Md. 422; *Chesapeake & O. Canal Co. v. Baltimore & O. R. Co.*, 4 Gill & J. 1. Unless it clearly appears from the general law that there is an intention to repeal the local law, the latter will not be affected. *Harford County Com'rs v. Rouse*, 141 Md. 549, 552, 119 A. 153. Even then the question may arise, as it does here, whether the law repealed affects rights which may have accrued before its passage.

When the Act of 1939, Chap. 507, was enacted, the appellants were entitled to a decree *in personam* for the deficiency under their mortgage. The appellees have cited *Taggart v. Mills,* 180 Md. 302, 23 A. 2d 832, 836, but in that case, in an opinion by our late Chief Judge Bond, it was said in deciding the question involved: "The statute does not, then, contain any expression of intention that it shall affect pre-existing causes of action, * * * and, therefore, under the law as it is laid down for us, there seems to be no escape from the conclusion that those causes are not affected." The question as to whether the effect of such legislation is retrospective or only prospective, and its effect on rights which have accrued, is exhaustively discussed in an opinion by Judge Offutt in *Ireland v. Shipley,* 165 Md. 90, 97, 166 A. 593, which is needless to repeat here.

It may be said here, as in *Taggart v. Mills, supra,* 180 Md. at page 305, 23 A. 2d at page 834: "The hardship of recovery now, after such a long lapse of time, from a policyholder or subscriber who had forgotten his contingent liability for assessments, if he ever regarded it as having any substance, is obvious, and has been referred to in argument. * * * It can [however] have no influence on the decision, that there can be no departure from the established rules of law."

For the reason assigned, the order appealed from must be reversed.

*Order reversed, with costs.*