BOARD OF EDUCATION OF CECIL COUNTY, TO USE OF INTERNATIONAL BUSINESS MACHINES CORPORATION *v.* PHILIP LANGE ET AL.

[No. 20, April Term, 1943.]

*Decided June 2, 1943.*

The causes were argued before SLOAN, C. J., DELA-PLAINE, COLLINS, MARBURY, GRASON, MELVIN, and ADAMS, JJ.

*Robert Bartlett* and *J. Kemp Bartlett, Jr.,* with whom were *Bartlett, Poe & Claggett* on the brief, for the appellant.

*Eugene Frederick* for appellee.

SLOAN, C. J., delivered the opinion of the Court.

This appeal is from an order sustaining a demurrer to the second amended declaration of the defendants (appellees), from which the plaintiffs appeal.

According to the facts in the declaration, all that we can consider, the Board of Education of Cecil County had awarded a contract to Lange Brothers for the construction of a school house at Cecilton, in Cecil County, for $136,190. The contractor gave a bond to the Board of Education for the amount of the contract to indemnify

the Board of Education against the claims of "All persons who have performed labor or rendered services" in the execution of the contract. On the same date, February 3, 1939, the contractors gave another bond, called a "Performance Bond," with the same surety, whereby the principal agreed to "make prompt and faithful payment to any person furnishing labor or material for said work," and the matter of this "Performance Bond" is the only one now before this court, the labor and service bond having been ruled out on the demurrer to the first amended declaration and not incorporated in the second.

There are only two contentions on the liability and effect of the "Performance Bond," the appellees' that this is a suit on a statutory specialty controlled by Section 11, Article 90 of the Code (1939); the appellants', that by the terms of the bond the liability is not affected by the statute.

Section 11, Article 90 of the Code, which the appellees insist bars the appellants' right to sue these appellees, is as follows:

"In all cases where any bond or undertaking, conditioned for the faithful performance of any contract for construction, installation or repair work, is given to the State of Maryland, or any of its agencies, such bond or undertaking shall not be approved or accepted unless the obligors bind themselves therein to the payment of all just debts for labor and materials incurred, through subcontract or in any other manner, by or in behalf of the person, firm or corporation, to whom such contract has been given, and who is named as principal in such recognizance, stipulation, bond or undertaking. Provided, that in the event that there is a liability to the State, or any agency thereof, under any such bond or undertaking, and also a liability thereunder for labor and materials, then the liability of the State shall be preferred, and shall be paid and discharged in full before any payment is made for or on account of the liability for labor or materials; and provided, further, that any suit or proceed-

ings to enforce the liability under any such bond or undertaking for the payment of debts for labor or materials shall be brought in the name of the obligee named in such bond, or undertaking, for the use and benefit *pro rata* of all creditors for labor or materials who may be entitled to claim thereunder, and shall be instituted not later than one year from the completion of the whole work covered by the contract and the acceptance thereof by the State, or its agency as aforesaid."

There is one ground upon which the appellees could contend that they are not liable to the appellant, and that is that the one-year limitation fixed by the statute had expired, the suit not having been brought within one year from the completion of the work, and this contention is predicated upon the further contention that the Board of Education of Cecil County is a State agency, the statute being applicable only to "the State of Maryland or any of its agencies." Opposed to this, the appellants contend that it makes no difference whether the Board of Education is a State agency or not, the terms of the bond are such that it inures to the benefit of anyone performing labor or furnishing materials for the building. As we are of the opinion that the Board of Education in the construction of school buildings is not acting as a State agency, we find it unnecessary to decide whether, under no circumstances can this bond be a conventional or general and not a statutory bond. The question of the limitation or condition of non-liability after one year may be raised by demurrer. *Taggart v. Mills*, 180 Md. 302, 23 A. 2d 832.

The suit as originally entered was on two bonds. One bond guaranteed payment for all "labor performed and services rendered"; the other, a "Performance Bond," "payment to any person furnishing labor or materials for said work." The original declaration was amended; the defendants demurred, and the demurrer was sustained. The grounds of demurrer assigned were (1) that the bonds declared on were statutory bonds described

in Article 90, Section 11, of the Code, and (2) "the alleged liability not incurred through sub-contract or in any other manner, by or in behalf of the defendants." The demurrer was sustained November 3, 1941, and leave granted to file a second amended declaration within fifteen days. The second amended declaration, which was not filed until April 25, 1942, more than five months after leave, declared only on the performance bond, eliminated the first count of the amended declaration, and repeated the second count of the first amended declaration. April 28, 1942, the defendants filed a motion *ne recipiatur* on the ground that the time, fifteen days, to amend had expired and had not been extended, and moved for a *non pros;* both motions were overruled. The defendants then demurred to the second amended declaration, and the demurrer sustained without leave to amend, and judgment entered for the defendants for costs, from which this appeal is taken.

As we view this case, the main question for decision is whether the Board of Education of Cecil County, or any other county, in the construction of a school building is or is not an agency of the State, and this depends on the construction of Section 45, Article 77, Code (1939), Act of 1916, Chap. 506, Sec. 25C, which is in part as follows:

"45. The county board of education shall divide the county into appropriate school districts, shall keep full record of the boundaries thereof, and shall locate and maintain schools, as needed, within each district. They are authorized and empowered with the approval of the state superintendent of schools to purchase grounds, school sites or buildings, or to sell the same; to rent, repair, improve and construct, or contract for so doing when the plans conform to the rules and regulations of the State Board of Education, and are approved by the state superintendent of schools, as provided for in Section 30 of this Article."

In the recent case of *Clauss v. Board of Education of Anne Arundel County*, 181 Md. 513, 520, 30 A. 2d 779, 782, decided after this case was heard below, in an elaborate opinion by Judge Marbury, we construed Section 45, in the repair of a school building (which, of course, includes construction), by the Board of Education, as not being done by it as an agency of the State. On the authority of that case, we hold that in the construction of the Cecilton School, it was not a State agency, and that, therefore, Section 11, Article 90, of the Code, has no application, and the bond sued on here is not bound by its terms. If it is not, the one-year limitation or condition would have no application, but the twelve-year limitation would. Section 3, Article 57, Code (1939).

The question then is whether the bond extends its protection to anyone who is neither a contractor nor his sub-contractor. In this case, the principal of the bond had sub-let a part of its contract for the furnishing and installing complete equipment for electrical and program clocks, fire alarms, and return call systems to E. F. Higgins & Company, Inc., which, in turn, contracted with the equitable plaintiff, the International Business Machines Corporation, to furnish and install this electrical equipment for $772.85, which was not paid by the Higgins Company.

The bond here sued on was conditioned for the "prompt and faithful payment to any person furnishing labor or material for said work." It was not limited to obligations for labor or materials contracted for by the contractor, obligor, but to "any person" providing "labor or material for said work." In this respect, the case differs from *Baltimore v. Maryland Casualty Co.*, 171 Md. 667, 671, 190 A. 250; *Hospital for Women v. U. S. F. & G. Co.*, 177 Md. 615, 620, 11 A. 2d 457; and *Accident Co. v. Net & Twine Co.*, 150 Md. 40, 45, 132 A. 261. The net result of such a bond is that the surety is never released until all claims for labor and materials covered by the contract are satisfied.

The appellees argued at some length that the motion of *ne recipiatur* of the plaintiffs' second amended declaration should have been granted because it was merely a repetition of the second count of the amended declaration and was, therefore, not an amendment. The weakness of this argument is that the decision of the court on the motion was adverse to the appellees, and, as they did not appeal, the question so argued is not before this court and cannot be considered.

For the reasons assigned, the judgment must be reversed, and the case remanded.

*Judgment reversed, with costs, and case remanded.*