## KIRBY AND McGUIRE, INC. ET AL. *v.* BOARD OF EDUCATION OF CECIL COUNTY ET AL.

[No. 209, October Term, 1955.]

*Decided June 18, 1956.*

The cause was argued before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Kenneth C. Proctor,* with whom was *H. Anthony Mueller* on the brief, for the appellants.

*Harrison L. Winter* and *Seymour O'Brien* for the appellees.

HAMMOND, J., delivered the opinion of the Court.

Kirby and McGuire, Incorporated, was the general contractor for alterations and additions to the High School at North East, Maryland, ordered by the Board of Education of Cecil County. One Snyder was employed by the general contractor under sub-contract to do the brick and masonry work. Snyder purchased brick for the job from the Monumental Brick and Supply Company, performed the sub-contract and died without having paid for the bricks. Monumental, in the role of beneficiary of a bond given for the primary protection of the Board of Education of Cecil County by Kirby and McGuire, Incorporated, as principal, and Indemnity Insurance Company of North America, as surety, sued as equitable plaintiff for judgment against the obligors of the bond for the price of the bricks furnished to Snyder. The declaration, in a separate count, sought to impose liability on Kirby and McGuire, Incorporated, aside from its execution of the bond, because of its agreement, for a valid consideration, to pay Monumental for the bricks, alleged to have been made after Snyder's death. The defendants prayed oyer of the bond and all contract documents referred to in the bond,

and after it had been granted, demurred to the declaration. The demurrer was overruled, the defendants indicated that they would not plead and the trial court granted summary judgment against both the general contractor, the principal on the bond, and the bonding company, the surety. We find it unnecessary to pass on the claim of agreement to pay in view of our conclusion that Monumental is entitled to recover on the bond.

The bond recited the execution of a written construction contract between Kirby and McGuire, Incorporated, the contractor and the Board of Education of Cecil County as owner, adding that said contract "is hereby referred to and made a part hereof as fully and to the same extent as if copied at length herein for the purpose of explaining but not of varying or enlarging the obligation." The condition of the obligation was stated to be: "That if the above bounden Principal shall well and truly keep, do and perform, each and every, all and singular, the matters and things in said contract set forth and specified to be by the said Principal kept, done and performed at the time and in the manner in said contract specified * * *, then this obligation shall be void; * * *." The contract in turn incorporated in it by reference the "General Conditions of the Contract", the "Specifications" and the "Drawings", stating that they, together with the basic contract itself, form the whole contract and were "as fully a part of the Contract as if hereto attached or herein repeated." The enumeration of the Specifications and Drawings shows them to include the "Advertisement", the "Instructions to Bidders", the "Form of Proposal", and "Special Conditions". It has been settled by the decisions of this Court that a bond of the kind here involved is to be regarded and construed as any other simple written contract. *Accident Co. v. Net & Twine Co.,* 150 Md. 40, 45; *Women's Hospital v. U. S. F. & G. Co.,* 177 Md. 615, 618. It is clear, too, that by virtue of the incorporation by reference of the contract into the bond and of the other documents into the contract, the bond and all of the documents are to be read and construed together, as if set forth in the bond. *Lange v. Board*

of *Education*, 183 Md. 255, 261; *Ray v. Eurice*, 201 Md. 115; *Gaybis v. Palm*, 201 Md. 78. Compare *U. S. F. & G. Co. v. Housing Authority*, 206 Md. 379, 382.

The general conditions, a part of the basic construction contract, include this provision: "Art. 9. Materials, Appliances, Employees.—Unless otherwise stipulated, the Contractor shall provide and pay for all materials, labor, water, tools, equipment, light, power, transportation and other facilities necessary for the execution and completion of the work." The appellees say that this flat requirement of payment for all materials necessary for the completion of the job, read as part of the bond, is one of "the matters and things in said contract set forth and specified to be by said Principal kept, done and performed" guaranteed by the bond. The appellants counter by saying that the obligations imposed on the contractor by Art. 9 are only as between him and the owner, meaning that the owner thus is not required directly to furnish and pay for anything unless expressly stipulated, and that the generality of the obligation of the contractor is limited by other provisions of the contract documents, which clearly show that the contractor must pay only for such materials and labor as he directly contracts for.

The appellees say the case is controlled by two cases where the materialman was allowed to recover. One is *Board of Education v. Lange*, 182 Md. 132, where the obligation of the bond was that the principal should " 'make prompt and faithful payment to any person furnishing labor or material for said work' * * *", and the other is *U. S. F. & G. Co. v. Housing Authority*, 206 Md. 379, *supra*, where the obligation was that the principal should " 'make payment to all persons supplying labor and materials in the prosecution of the work provided for in said contract.' " The appellants say that the bond before us is not to be distinguished from that in *Mayor & City Council v. Maryland Casualty Co.*, 171 Md. 667, in which the obligation was that the principal would " 'promptly settle, pay * * * all claims * * * against the [general contractor] by any and all persons * * * for all material furnished, installed, erected and incorporated in said structure or work for which the [general contractor] is liable' ", and

that in *Women's Hospital v. U. S. F. & G. Co.,* 177 Md. 615, where the bond obligated the principal to " 'pay all just debts for * * * materials incurred through sub-contract or in any other manner, by or on behalf of the principal' * * *." In each of the two latter cases the Court held that the generality of the earlier words was limited and controlled by the phrase "for which the [general contractor] is liable", in the first case, and the phrase "by or on behalf of the principal" in the second case.

We find the obligation in the case before us to be indistinguishable in meaning and effect from those in *Board of Education v. Lange* and *U. S. F. & G. Co. v. Housing Authority.* In the latter case, the language of the bond itself was held to be clear and controlling. In dismissing the argument in that case that the generality of the language of the bond was limited and cut down by the provisions of the contract documents, which were not explicitly incorporated in the bond by reference, Judge Henderson for the Court assumed without deciding that a clear limitation in the contract specifications might narrow the scope of the coverage implicit in the language of the bond, but found no such limitation. It was noted that the invitation to bidders required the successful bidder to furnish a "satisfactory" payment bond. It was pointed out further that in the general scope of the work, Section 3, Responsibilities of Contractor, it was specified that " 'except as otherwise specifically stated in the Contract, the Contractor shall provide and pay for all materials * * * and all other services and facilities of every nature whatsoever necessary to execute the work' " and the Court drew the conclusion that "Thus the Contractor is charged with the legal responsibility of seeing that all persons supplying materials in the prosecution of the work are paid." It was held that the clause "except as otherwise specifically stated" referred not to the extent of the coverage but to certain work and materials which were stated not to be within the undertaking of the general contractor. Rejected was the argument that the language of a provision of the Instructions to Bidders required the payment bond to be for the protection only of

" '* * * all persons, firms or corporations to whom the Contractor may become legally indebted for labor, materials, tools, equipment or services * * * ' " and thus limited the coverage to those with whom the general contractor directly contracted.

The appellants rely on Art. 24 (16) of the general conditions, whereunder the architect could require the contractor to submit " '* * * receipts or other vouchers, showing his payments for materials and labor, including payments to subcontractors * * *" and the provisions of Art. 26 (c) of the general conditions, which authorize the architect to withhold or nullify a certificate for "Failure of the Contractor to make payments properly to subcontractors or for material or labor." They argue that these provisions show that it was intended that the general contractor should be liable to pay only those with whom he was in privity of contract and with whom he had dealt directly. We think these provisions cannot overcome the flat obligations assumed by the general contractor to provide and *pay for* all labor and materials necessary for the execution and completion of the work. Undoubtedly, as these provisions indicate, the orderly and generally contemplated course of procedure would be that the general contractor would pay sub-contractors who, in turn, would pay their suppliers, but even the provisions relied on by the appellants are ambiguous to the extent that they do not in terms foreclose direct payments by the contractor to materialmen who furnish material to sub-contractors. To be weighed, also, in the consideration of the coverage given by the bond and contract, read together, is paragraph 7 of the special conditions providing as follows: "(a). The General Contractor shall furnish a performance bond guaranteeing the completion of the Contract and prompt and faithful payment to those furnishing the labor and materials for the work."

We think that the undertaking of Kirby and McGuire, Incorporated, to "provide and pay for all materials * * * necessary for the execution and completion of the work" is not different in legal significance and effect from the language of the bond in *Board of Education v. Lange*, 182 Md. 132, *supra*, which was to " 'make prompt and faithful payment to any

person furnishing labor or material for said work' * * *", or from the language of the bond in *U. S. F. & G. Co. v. Housing Authority, supra,* requiring the principal to " 'make payment to all persons supplying labor and materials in the prosecution of the work provided for in said contract.' " We find the obligation assumed by the general contractor in the case before us was just what he wrote that it would be, read literally, namely, to *pay for* all of the materials necessary for the doing of the job. This being so, it follows that Monumental is entitled to be paid for the bricks furnished and the judgment below is affirmed.

*Judgment affirmed, with costs.*