**AETNA CASUALTY & SURETY CO., Spencer, White & Prentis, Inc., a corporation, and George A. Fuller Co., Inc., Appellants,**

v.

**KEMP SMITH CO., Inc., Appellee.**

**No. 3579.**

District of Columbia Court of Appeals.

Argued Nov. 23, 1964.

Decided April 12, 1965.

Edgar A. B. Spencer, New York City, pro hac vice, by special leave of court, with whom Arthur C. Elgin and F. Granville Munson, Washington, D. C., were on the brief, for appellants.

Louis Ginberg, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

In November 1960, appellant Spencer, White & Prentis, Inc. entered into a contract, hereafter "the foundation contract," with International Land Corporation which obligated appellant to perform certain foundation work in connection with the construction of an office building. Thereafter, Spencer, White & Prentis engaged W. H. Nicholson Associates, Inc. to undertake excavation work pertinent to the foundation construction, and Nicholson, in turn, on February 14, 1961, contracted with plaintiff-appellee Kemp Smith Co., Inc. for the performance of machine excavation at the job site.

On March 17, 1961, pursuant to a separate contract entered into between International Land and appellant George A. Fuller Co., Inc., under which Fuller became the general contractor on the project, the foundation contract was assigned to Fuller with the consent of Spencer, White & Prentis. Subsequently, on March 27, 1961, appellant Fuller as principal and appellant Aetna Casualty & Surety Co. as surety executed a Labor and Material Payment Bond for the protection of International Land.

Appellee Smith completed its work on May 5, 1961, and on May 31, notified Aetna of its claim for payment, Nicholson having in the meanwhile defaulted on its contract with Spencer, White & Prentis. Smith then filed suit against Aetna, Fuller, and Spencer, White & Prentis, and a trial was had which resulted in the judgment appealed from.[1]

## THE CLAIM AGAINST SPENCER, WHITE & PRENTIS

■ Under Article 9 of the General Conditions attached to the foundation contract, Spencer, White & Prentis, as contractor, agreed that

> "Unless otherwise stipulated, the Contractor shall provide and pay for all materials, labor, water, tools, equipment, light, power, transportation and other facilities necessary for the execution and completion of the work."

On this appeal, it is argued that that promise, running from Spencer, White & Prentis to International Land, will not support an action for payment by the appellee as a third party beneficiary. In support of that argument, appellant contends that except where surety contracts are involved, the District of Columbia has not adopted the third party beneficiary doctrine, and that in any event, appellee is at most an incidental beneficiary, and would, accordingly, be without enforceable rights even in those jurisdictions where the doctrine prevails.

Our research reveals no case in this jurisdiction expressly adopting or rejecting the third party beneficiary rule. However, in Marranzano v. Riggs Nat. Bank of Washington, D. C., 87 U.S.App.D.C. 195, 196, 184 F.2d 349, 350 (1950), there was a recognition that there are exceptions "to the general rule that a stranger to a contract may not sue to enforce its terms or to recover damages for a violation thereof"; and there are other cases indicating that the third party beneficiary rule would be applied in a proper case. Hall v. Gardiner, 75 U.S.App.D.C. 226, 126 F.2d 227 (1942); Schwartz v. Brown, D.C.Mun.App., 64 A.2d 298 (1949).[2] In Guinn Company v. Mazza, 111 U.S.App. D.C. 319, 296 F.2d 441 (1961), the rule was recognized, but that case was controlled by the law of New York.

Turning to other jurisdictions we find that a large majority of the states have adopted the rule. "The great weight of authority recognizes a direct enforceable right, both at law and in equity, arising from a contract promising performance for either of the first two types of beneficiaries —the donee beneficiary and the creditor beneficiary * * *." 2 Williston, Contracts § 356 (3d ed. Jaeger 1959).[3] Re-

---

1. Judgment was entered for the plaintiff against Spencer, White & Prentis, Inc. and George A. Fuller Co., Inc. for the balance owing in the amount of $3,425.46, and against Aetna Casualty & Surety Co. in the amount of $1,290.46, that portion of the balance owing which accrued subsequent to the execution of the bond.

2. Cf. Bruckner-Mitchell v. Sun Indemnity Co. of New York, 65 App.D.C. 178, 82

F.2d 434 (1936); Sun Indemnity Company v. American University, 58 App.D.C. 184, 26 F.2d 556 (1928).

3. It is said in 12 Am.Jur. Contracts § 277 (1938), that the rule exists "in a great majority of American jurisdictions," and it is referred to as the "prevailing rule" in 17A C.J.S. Contracts § 519(3) (1963).

statement, Contracts §§ 133–147 (1932) also recognizes the rule, and it has been said that the Restatement "is entitled to particular respect when authorities are in conflict * * *." Bailey v. Zlotnick, 80 U.S.App.D.C. 117, 118, 149 F.2d 505, 506 (1945). We perceive no reason why this jurisdiction should not adopt the rule followed by the majority of jurisdictions in this country.

In Nash Engineering Co. v. Marcy Realty Corporation, 222 Ind. 396, 54 N.E.2d 263 (1944), it was held that Article 9, as quoted above, afforded unnamed materialmen a remedy as third party beneficiaries against the contractor. As the Maryland court stated in a case reaching a similar result under the same provisions:

> "We find the obligation assumed by the general contractor in the case before us was just what he wrote that it would be, read literally, namely, to *pay for* all of the materials necessary for the doing of the job." Kirby v. Board of Ed. of Cecil County, 210 Md. 383, 123 A.2d 606, 610 (1956).

Save for the fact that materials were furnished rather than labor, in both the cases cited the plaintiffs stood in precisely the same position vis a vis the contractor as the appellee here. It follows that appellee is entitled to recover for the work it performed, and the judgment against Spencer, White & Prentis is, accordingly, affirmed.[4]

## THE CLAIM AGAINST GEORGE A. FULLER CO., INC.

■ Appellee seeks to support the judgment against appellant Fuller on two grounds. It argues first that when Fuller accepted the benefits of the foundation contract under the assignment, it came under a duty to perform that contract according to the conditions and terms as provided therein. Second, it argues that Fuller became liable, like Spencer, White & Prentis, as general contractor under Article 9 of the General Conditions which attached to its contract of March 17, 1961, with International Land.

We find that neither theory has merit. Certainly Fuller did, under the assignment, come under a duty to perform pursuant to the terms of the foundation contract, but that duty was merely to pay Spencer, White & Prentis upon the satisfactory completion of the foundation work, precisely the duty originally assumed by International Land.

It is equally clear that Fuller, by virtue of its undertaking under Article 9, could have become liable to laborers and materialmen having no contractual relationship with either Fuller or International Land. We do not think, however, that that doctrine, utilized to support the judgment against Spencer, White & Prentis, can be extended to permit recovery against Fuller. When Fuller assumed the status of general contractor in March 1961, the other agreements relevant here had already been executed. Fuller, therefore, had no opportunity to exercise any control over the selection of sub- and sub-sub-contractors, nor to secure itself against the possibility of default by requiring a sub-contractor's bond. To impose liability under these circumstances would defeat the apparent intentions of the parties. The judgment, therefore, against George A. Fuller Co., Inc. must be reversed.

4. Boka Electrical Construction Co. v. W. M. Chappell, Inc., 104 U.S.App.D.C. 407, 262 F.2d 718 (1958), provides additional support for our holding. We recognize that that case involved the statutory obligation contained in D.C.Code 1961 § 1–804 (Supp. IV, 1965), and that accordingly, the policy considerations involved there differ somewhat from those presented in the instant appeal. It is apparent, however, that the undertaking sued upon there is essentially identical to the one before us, and further, that the parties in both cases occupy the same relative positions.

## THE CLAIM AGAINST AETNA CASUALTY & SURETY CO.

■ The claim against appellant Aetna is brought on the familiar Labor and Material Payment Bond issued by Aetna as surety for the protection of International Land. That claim, however, is not well founded because the bond in terms limits the class of proper claimants to those having a direct contract with the Principal, here George A. Fuller Co., Inc., or with a sub-contractor of the Principal. Appellee's contract was with Nicholson, at best a sub-sub-contractor of Fuller. It follows that recovery on the bond must be denied. See United States v. Blount Brothers Construction Co., 168 F.Supp. 407 (D. Md.1958).

Judgment against Spencer, White & Prentis, Inc. affirmed; judgments against George A. Fuller Co., Inc. and Aetna Casualty & Surety Company reversed.