## BOARD OF EDUCATION OF MONTGOMERY COUNTY, use of BREEDON et al. v. VICTOR N. JUDSON, INC. et al.

## BOARD OF EDUCATION OF MONTGOMERY COUNTY, use of NORRIS v. SAME

[No. 14, October Term, 1956.]

(Two Appeals In One Record)

*Decided November 8, 1956.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON and HAMMOND, JJ., and HENDERSON, J., Chief Judge of the Fourth Judicial Circuit, specially assigned.

*R. Edwin Brown* for appellants.

*Alger Y. Barbee,* with whom were *Harper M. Smith* and *Alexander M. Heron* on the brief, for appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from judgments for costs in favor of the Aetna Casualty and Surety Company in two suits on a bond, after the court sustained demurrers, filed by the surety to amended declarations, without leave to amend. On February 14, 1952, Victor N. Judson, Inc. entered into a formal contract with the Board of Education of Montgomery County to construct an addition to an elementary school. On the same day Aetna executed a bond in connection with the work. Thereafter, the contractor purchased certain materials from the equitable plaintiff, Norris, and sublet all labor in connection with the plumbing work to the equitable plaintiff, Breedon, at a fixed price. These plaintiffs claim that there are unpaid balances due them, which are recoverable against the surety.

The appellants contend that they are within the coverage of the bond, or at least within the coverage of the general contract incorporated in the bond. The pertinent language of the bond is as follows: "Whereas, the Principal has entered into a certain written contract * * * hereby referred to and

made a part hereof as fully and to the same extent as if copied at length herein.

"NOW THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH, that if the Principal shall fully indemnify and reimburse the Obligee for any loss he (they, it) may suffer through the failure of the Principal to faithfully observe and perform each and every obligation and duty imposed upon the Principal by the said contract, at the time and in the manner therein specified, then this obligation to be void: otherwise to remain in full force and virtue in law."

We think it is perfectly clear that the undertaking of the bond is simply to indemnify and reimburse the obligee against loss through failure of the principal to perform. It is not alleged that the obligee suffered any loss whatever. There is no statute imposing a lien for material or labor against a public body of this character, so that there could be no loss to it because of the alleged non-payment of the suppliers of the general contractor. Nor is there any statutory requirement that a bond be taken to protect material men and laborers. The case of *Baltimore v. Casualty Co.,* 146 Md. 508, is directly in point and, we think, controlling. See also *Baltimore v. Md. Casualty Co.,* 171 Md. 667, declining to extend the plain language of a bond to cover claims by the suppliers of subcontractors, although it was contended that public policy demanded it.

The appellant seeks to find an obligation to pay in the recital incorporating the contract by reference, relying upon *Kirby & McGuire v. Board of Ed.,* 210 Md. 383, *U. S. F. & G. Co. v. Housing Authority,* 206 Md. 379, *Lange v. Board of Education,* 183 Md. 255, and *Board of Education v. Lange,* 182 Md. 132. But in all of those cases the bond itself was conditioned upon the payment of claims to any or all persons furnishing material and labor, and there was an ambiguity as to the extent of coverage, not an entire absence of undertaking.

The contract in the instant case, in item 6 of the specifications, called for delivery by the successful bidder of "a performance and payment" bond, for "faithful performance of all work covered thereby". By Art. 1 of the general contract,

the contractor agreed to provide all materials and perform all work described in the specifications. By Art. 3 of the general contract the contractor agreed "to furnish a builders or completion bond in such form as shall be acceptable to the Owner." There was also a reference to the general conditions, standard A form of the American Institute of Architects, Art. 30, providing that "The Owner shall have the right, prior to the signing of the Contract, to require the Contractor to furnish bond covering the faithful performance of the Contract and the payment of all obligations arising thereunder in such form as the Owner may prescribe * * *."

It is clear, under these provisions, that the owner could have required the principal to furnish a payment bond, and not merely an indemnity bond. But the surety was not obliged to make its undertaking coextensive with that of the principal. The short answer is, that the bond furnished was not a payment, but merely an indemnity bond. The surety did not agree to be responsible for everything that the principal undertook to do, but only for such of his failures as caused loss to the owner. What we say here would not preclude recovery against the general contractor for breach of his contract with the suppliers, but we assume that this remedy would not be adequate.

Taking this view of the case, it is unnecessary to discuss the other points raised by the appellee, including the failure to allege notice of default, and the failure to bring suit within the time specified in the bond.

*Judgments affirmed, with costs.*